IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

IN RE DRY MAX PAMPERS LITIGATION   :      CASE NO. 1:10-cv-00301 TSB

                                       :      (Judge Timothy S. Black)

                                       :

                                       :      **AMENDED STIPULATED**
                                       :      **PROTECTIVE ORDER AND**
                                            **CONFIDENTIALITY AGREEMENT**

                                       :

WHEREAS, Plaintiffs' allegations are directed at Pampers products which are manufactured and sold by The Procter & Gamble Company (or its affiliates) and The Procter & Gamble Company asserts that the products were introduced with unique innovations based upon years of product research and development;

WHEREAS, discovery in the above-entitled action may involve the disclosure of trade secrets and other confidential research, development, marketing, or proprietary commercial information within the meaning of Federal Rule of Civil Procedure 26(c); and

WHEREAS, Plaintiffs[1] and Defendants, The Procter & Gamble Company, The Procter & Gamble Paper Products Company and The Procter & Gamble Distributing LLC (collectively "Procter & Gamble") have stipulated to entry of this Stipulated Protective Order

---

[1] Plaintiffs include all persons named as plaintiffs in the Consolidated Class Action Complaint that is to be filed on or about August 15, 2010, pursuant to the Preliminary Calendar Order, Case No. 1:10-cv-00301-TSB (Doc. No. 20).

1

and Confidentiality Agreement ("Protective Order") pursuant to Rule 26(c) to prevent unnecessary disclosure or dissemination of such confidential information and materials.

IT IS HEREBY ORDERED as follows:

1.     This Protective Order shall apply to all documents (as defined by Fed. R. Civ. P. 34(a)(1)(A)) and shall include all information, materials, data, extracts, summaries and compilations derived from the documents that are disclosed or used during the course of discovery in this case, captioned as In Re Dry Max Pampers Litigation, No. 1:10-cv-00301-TSB ("Action"), including but not limited to productions of documents, answers to interrogatories, responses to requests for admissions, deposition testimony, exhibits, and all other discovery, regardless of the format, provided pursuant to the Federal Rules of Civil Procedure (collectively, "Discovery Materials").

2.     Procter & Gamble maintains certain proprietary and confidential information and materials and takes steps to assure that such information and materials are not disclosed to competitors or third-parties and are not made public.  Procter & Gamble believes that this information and material provides it with a competitive advantage, and the disclosure of such information and material could seriously harm Procter & Gamble by placing it at a commercial disadvantage.

Designation of Discovery Materials Subject to this Protective Order

3.     This Protective Order creates two categories of confidentiality.  A party may designate Discovery Materials produced, used or disclosed in connection with the Action as (i) "CONFIDENTIAL" or (ii) "CONFIDENTIAL - ATTORNEYS' EYES ONLY."  The

2

producing party may designate the confidentiality category for Discovery Materials that, directly or indirectly, reveal such confidential and proprietary information and material, subject to the terms and conditions of this Protective Order.  Absent a specific order by this Court, such Discovery Materials, once designated as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY," shall be used by the parties to the Action solely in connection with this Action, and not for any business, competitive, governmental, cause-oriented, advocacy, personal or any other purpose or function, and such information shall not be disclosed to or used by anyone except as provided in this Protective Order.

        a.      CONFIDENTIAL:  Discovery Material designated "CONFIDENTIAL" refers to information that a producing party believes in good faith constitutes, contains or refers to information that is not available to or accessible by the general public, or that is to be kept confidential due to preexisting obligations.  Discovery Materials that may be designated as "CONFIDENTIAL" include but are not limited to:  historical business plans and strategies; historical competitive analyses; historical formulas and formulations of products; historical market research; or historical financial information.

        b.      CONFIDENTIAL - ATTORNEYS' EYES ONLY:  Discovery Materials designated "CONFIDENTIAL - ATTORNEYS' EYES ONLY" are included within the meaning of "CONFIDENTIAL" and refer to information that a producing party believes in good faith constitutes, contains or refers to (1) information that is not available to or accessible by the general public, or that is to be kept confidential due to preexisting obligation, and which contains (2) business or financial information, other confidential commercial or technical information, or

3

information that, if disclosed to a business competitor, would tend to damage the producing party's competitive position.  By way of example and not limitation, this category of information includes medical records; current business plans and strategies; current market research, including but not limited to market research supporting current business plans and strategies; actual and developmental formulas and designs of formulations of products; sources (including but not limited to names of suppliers) of products, components and ingredients; research and product development information; current financial information; current business operation plans (including sales and marketing); or other confidential commercial or technical information that, if disclosed to a business competitor, would tend to damage the party's competitive position.

4.      In the case of documents or other tangible materials, a designation of "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" shall be accomplished by marking or stamping the data or each individual item or page with the appropriate designation.

5.      In the case of depositions, information discussed in testimony at a deposition shall be subject to this Protective Order, provided that the information is designated as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" orally on the record or in writing either at the time of the deposition or after receipt by the parties of the certified transcript (as explained below).

a.      For such time as any information or document designated as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" is disclosed in a deposition, the party disclosing such information or document (whether in a question or a

4

response) shall, and the party whose information or document will be disclosed shall have the right to, exclude from attendance at the deposition any person who is not entitled to receive such information or document pursuant to this Protective Order.

        b.     In addition to any portions of a deposition designated as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" on the record of the deposition, a party shall have thirty (30) days after receiving a copy of the certified deposition transcript in which to also designate all or specific portions of the transcript in writing as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY." If within the thirty (30) days no party designates in writing or has designated orally on the record certain portions of the transcript as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY," the parties shall be permitted to use such portions of the transcript, and the information contained therein, with no restrictions of confidentiality. All information disclosed during a deposition shall be treated as "CONFIDENTIAL - ATTORNEYS' EYES ONLY" until the thirty (30) days have expired.

        c.     A deposition transcript or hearing testimony, along with associated exhibits, may be provisionally designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" on the record during the deposition or hearing, which will serve to provisionally designate the entirety of the testimony ("Provisional Designation"). Provisional Designations of testimony and of Discovery Materials that do not already bear a "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" production stamp shall remain in effect for thirty (30) days from receipt of the certified transcript of the deposition.

On or before the expiration of those thirty (30) days, the producing party (or party defending the deposition) shall designate exhibits by their exhibit numbers and portions of transcripts of deposition or other testimony by reference to the page being designated "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS` EYES ONLY" ("Final Designation"). If no action is taken to narrow a Provisional Designation or affirmatively assert that the Provisional Designation should become the Final Designation before the expiration of those thirty (30) days, the Provisional Designation will be removed and no part of the testimony or exhibits will be treated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS` EYES ONLY," with the exception of exhibits that were otherwise so designated during production. No party shall unreasonably reject a producing party's request made in good faith for additional time to make Final Designations. Designations of deposition exhibits and/or testimony as confidential should not be over-inclusive such that entire transcripts and their exhibits are designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS` EYES ONLY" when only portions are appropriately so designated. Exhibits must be evaluated individually.

       d.    Any transcript containing material designated as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY," including exhibits, shall be marked on its cover as "CONTAINS CONFIDENTIAL INFORMATION" or "CONTAINS CONFIDENTIAL INFORMATION - ATTORNEYS' EYES ONLY," whichever is appropriate, and the portions of the transcript or exhibits reflecting such information shall be stamped "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY," whichever is appropriate, and access thereto shall be limited pursuant to the terms of this Protective Order.

6.     In the case of expert reports, if any Discovery Material designated "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" pursuant to this Protective Order is specifically identified in, paraphrased, or attached to an expert's report, the report shall be marked on its cover as "CONTAINS CONFIDENTIAL INFORMATION" or "CONTAINS CONFIDENTIAL INFORMATION - ATTORNEYS' EYES ONLY," whichever is appropriate, and the portion of the report reflecting such information shall be stamped "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY," whichever is appropriate, and access thereto shall be limited pursuant to the terms of this Protective Order. The party retaining the expert shall be responsible for the initial stamping of such report.

7.     The failure of a party to designate Discovery Materials as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY," and the failure to object to such a designation, shall not preclude a party from subsequently designating or objecting to the designation of such information as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY." The correction to the designation shall be made in writing and accompanied by the properly marked substitute copies. Within seven (7) days of receiving the substitute copies, the receiving party shall return or destroy (and so certify in writing to the designating party) the previously unmarked or mismarked Discovery Materials (and all copies distributed to any person, including those authorized to have access under the new designation) and shall make a good faith effort to retrieve such Discovery Materials (and return or destroy such Discovery Materials) if they were disclosed to persons not permitted by this Protective Order under the corrected designation. The parties understand that a party's failure to designate information or documents as either "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS'

EYES ONLY" within the time specified in this Protective Order relieves the other party of any obligation of confidentiality until the designation is actually made.

8. Nothing in this Protective Order shall preclude the disclosure or use of Discovery Materials designated as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" if:

a. the producing party agrees, or the Court rules, that such information is in the public domain at the time of disclosure; or

b. the producing party agrees, or the Court rules, that such information becomes part of the public domain through no fault of the receiving party, its counsel, or any independent expert retained on behalf of the receiving party or any person to whom disclosure is permitted pursuant to Paragraphs 9 and 10 of this Protective Order; or

c. the producing party agrees, or the Court rules, that such information was in the rightful and lawful possession of the receiving party at the time of disclosure on a non-confidential basis from a source other than the producing party, provided that such source is not bound by a confidentiality agreement with the producing party; or

d. the information is lawfully received by the receiving party at a later date from a party without restriction as to disclosure, provided such party has the right to make the disclosure to the receiving party.

Persons Entitled to Receive or Use Discovery Materials Subject to this Protective Order

       9.     Any Discovery Materials designated as "CONFIDENTIAL - ATTORNEYS' EYES ONLY" shall be used by the receiving party solely for the purpose of preparation and trial of this Action and for no other purpose whatsoever, and shall not be disclosed to or used by any person[2] other than:

       a.     the Court, including court personnel, any court exercising appellate jurisdiction over this Action, and employees and stenographers transcribing testimony or argument at a deposition;

       b.     outside counsel of record for the parties and employees of such attorneys and law firms to whom it is necessary that the information be disclosed for this Action, including paralegals, secretaries and clerks;

       c.     independent experts or consultants, experts or consultants employed by Procter & Gamble, investigators and advisors who are qualified by knowledge, skill, experience, training or education and retained or utilized by outside counsel to assist in the preparation or trial of this Action and to whom it is necessary that the information be disclosed, and who have been given a copy of this Protective Order and signed a declaration in the form of Exhibit A (attached);

---

[2] "Person" means natural persons, corporations, partnerships, joint ventures, unincorporated associations, and all other entities.

           d.      special masters, mediators or settlement facilitators engaged by the parties or appointed by the Court to provide services related to settlement discussions related to this action, and to whom it is necessary that the information be disclosed;

           e.      document contractors, electronic discovery contractors, exhibit contractors, graphic art contractors or jury consultants who are engaged by outside counsel to assist in the preparation or trial of this Action and to whom it is necessary that the information be disclosed, and who have been given a copy of this Protective Order and have signed a declaration in the form of Exhibit B (attached);

           f.      potential witnesses or deposition witnesses who are current or former employees of Procter & Gamble, to the extent the Discovery Material was authored by or addressed to the person or it is reasonably established, prior to disclosing the Discovery Material, that such person is potentially knowledgeable of such information or the contents of the Discovery Material; and

           g.      such other persons as the outside counsel for the producing party shall consent to in writing before the proposed disclosure. The parties shall identify in writing the documents or information for which consent is given.

           10.     Discovery Materials designated as "CONFIDENTIAL" shall be used by the receiving party solely for the purpose of preparation and trial of this Action and for no other purpose whatsoever, and shall not be disclosed to or used by any person other than those persons listed under Paragraph 9 and listed in this Paragraph 10:

10

Employees or representatives of a receiving party, such as named plaintiffs, corporate officers and in-house counsel, provided that: (1) such disclosure or access is reasonably necessary to the prosecution or defense of this Action; (2) such information is maintained in separate and identifiable files, access to which is restricted to the foregoing persons; and (3) such person has been given a copy of this Protective Order and has signed a declaration in the form of Exhibit B (attached).

11.     Nothing in this Protective Order prevents a producing party's own employees or representatives from viewing or being shown Discovery Materials designated by that producing party as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY."

12.     Before any person designated in Paragraph 9(c) is given access to "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" Discovery Materials, counsel providing the Discovery Material must ensure that each person has been given a copy of this Protective Order and has signed a declaration in the form of Exhibit A (attached).

13.     Parties who make "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" Discovery Materials available to persons set forth in Paragraphs 9(b)-(g) and 10 above shall be responsible for limiting distribution thereof to those persons authorized under this Protective Order, and such parties shall be prepared to account for the disposition and use of these materials by those persons. All copies or duplications of, and information derived from (including but not limited to notes, summaries or memoranda), Discovery Materials designated as "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEYS' EYES ONLY" shall be subject to the same restrictions imposed herein on original Discovery Materials.

Treatment of Discovery Materials Subject to this Protective Order

14.     All persons who receive or have knowledge of Discovery Materials

designated as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" shall

exercise reasonable and appropriate care with respect to the storage, custody, and use of such

information to ensure that the confidentiality of such information is maintained and secured.  All

Discovery Materials designated as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS'

EYES ONLY" shall be kept in secure facilities by the receiving party, and access to those

facilities shall be permitted only to those persons set forth in Paragraphs 9 and 10 as properly

having access thereto.

15.     This Protective Order does not control the disclosure or use of any

evidence during the trial or any hearing in open court of this Action.  Counsel for the parties

agree to confer in good faith about procedures for handling Discovery Materials designated

"CONFIDENTIAL" and "CONFIDENTIAL - ATTORNEYS' EYES ONLY" during trial or any

hearing in open court of this Action, including the possibility of an additional Order.  Any party,

however, may seek assistance from the Court in maintaining the confidential nature of any

evidence that is presented in open court.

Filing Under Seal

16.     Any Discovery Materials designated as "CONFIDENTIAL" or

"CONFIDENTIAL - ATTORNEYS' EYES ONLY," including any document or portion of a

document referring in any way to such confidential Discovery Materials, may be filed under seal

in accordance with S.D. Ohio Local Rule 79.3.  Any document filed under seal with the Court

shall be filed in a separate, sealed envelope on which shall be endorsed the title of the action, the

12

case number, the nature of the content of the envelope, the word, "CONFIDENTIAL," and the following (or similar) statement: "FILED UNDER SEAL SUBJECT TO PROTECTIVE ORDER (Dkt. No. ___), dated _____."

17. Notwithstanding the terms of this Protective Order, this Protective Order does not affect the rights of a party that produced Discovery Materials designated as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" to use or disclose its own such documents or testimony.

<u>Responses to Subpoenas or Other Process</u>

18. In the event that any party to the Protective Order is served with a subpoena or other notice compelling the production of Discovery Materials produced by another party, the party receiving the request shall not, to the extent permitted by applicable law, provide or otherwise disclose such document or information until fourteen (14) days after notifying counsel for the original producing party in writing of all of the following: (1) the information and documentation which is requested for production in the subpoena; (2) the date, time and place designated for compliance with the subpoena; (3) the identity of the party serving the subpoena; and (4) the case name and number, jurisdiction, or other information identifying the litigation or other proceeding in which the subpoena has been issued. Upon receiving such notice, the original producing party shall bear the burden of opposing, if it deems appropriate, the subpoena on grounds of confidentiality. The party, counsel or expert receiving the subpoena or other process shall cooperate to the extent reasonably possible, with the producing party in any proceeding relating thereto.

Disclosures

19.     If Discovery Materials designated as "CONFIDENTIAL" or
"CONFIDENTIAL - ATTORNEYS' EYES ONLY" are disclosed to any person other than in the
manner authorized by this Protective Order, the party responsible for the disclosure must
immediately bring all pertinent facts relating to such disclosure to the attention of all interested
parties and to the Court and, without prejudice to other rights and remedies of the producing or
designating party, shall make every effort to prevent further disclosure by it or by the person
receiving such information, including the return of the Discovery Material (and all copies).

20.     The disclosure during discovery of any attorney-client privilege, work
product or other protected material (including "CONFIDENTIAL" and "CONFIDENTIAL -
ATTORNEYS' EYES ONLY") shall not be deemed a waiver of privilege, work product,
confidentiality or other protection or immunity by the producing party.  Upon notice of the
disclosure, all recipients of the disclosed Discovery Material shall return it (and all copies) and
shall not use the disclosed Discovery Material (or information in it) in any litigation, nor permit
it to be copied, excerpted, paraphrased, distributed or otherwise disclosed to any other person.
Notwithstanding the foregoing, a recipient of the disclosed Discovery Material may retain a
single copy of the disclosed Discovery Material for the sole purpose of challenging the
designation of any attorney-client privilege, work product or other protection or immunity by the
producing party.  The recipient shall have fourteen (14) days from receiving the notice of the
disclosure to file a motion with the Court challenging the designation.  After fourteen (14) days,
if no motion is filed with the Court challenging the designation, then all recipients of the

14

disclosed Discovery Material shall return the copy and take affirmative action to ensure that no copies of the Discovery Material are retained by the receiving party.

21.     If portions of documents are redacted for privilege or for any other reason, the producing party shall mark every page or significant component that contains privileged or redacted information with the "Privileged" and/or "Redacted" stamp. Social Security Numbers and financial account numbers may be redacted by the producing party without need for additional explanation. The first and middle names of minors may be replaced with the first and middle initials of the minor. Redactions based on any other grounds must be logged in a privilege log or redaction log and must remove only the part(s) of a Document that are claimed to be privileged or protected from disclosure.

## Challenging Designations

22.     If at any time during the pendency or trial of this Action, counsel for any party claims that counsel for any other party or any non-party has unreasonably or in bad faith designated certain Discovery Materials to be "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY," the objecting counsel may serve in writing an objection on all parties and affected persons, identifying with particularity the items as to which the designation is challenged, stating the basis for each challenge, and proposing a new designation for each item. If the designating party does not re-designate the material, then the designating party may file a motion with this Court within fourteen (14) days after service of the challenge notice seeking an order that the Discovery Material remain protected as originally designated. The original designation shall remain in effect until five (5) days after entry of an order as to which all appeals have been exhausted or waived re-designating the materials. The burden of

15

establishing the confidentiality of the Discovery Materials shall be consistent with applicable federal or state law.

23.     If any person violates or threatens to violate the terms of this Protective Order, the aggrieved party may apply immediately to the Court to obtain injunctive relief against any such violation or threatened violation; and, if the aggrieved party shall do so, the respondent, subject to this Protective Order, shall not employ as a defense that the aggrieved party possesses an adequate remedy at law.

Miscellaneous Provisions

24.     Counsel of record for the disclosing party shall retain the original, executed declarations (in the form of Exhibit A or Exhibit B, attached) that have been executed by that party and any person to whom Discovery Material designated as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" is disclosed pursuant to Paragraphs 9 and 10 above.

25.     Unless otherwise permitted, within sixty (60) days after the conclusion of this Action, including all appeals, the originals and all copies of Discovery Materials designated as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" that are in the possession, custody, or control of the parties, and persons to whom they have disclosed such Discovery Materials (which should be limited to those persons authorized by Paragraphs 9 and 10) shall be destroyed or returned to counsel for the producing party.  However, outside counsel may retain pleadings, attorney and consultant work product, and depositions for archival purposes only; those materials shall not be disclosed to anyone.  Upon request, a party and its

16

counsel shall separately provide written certification to the producing party that the actions required by this Paragraph 25 have been completed.

26.     Nothing in this Protective Order shall bar or otherwise restrict counsel from rendering advice to a party with respect to this Action and, in the course thereof, referring to or relying in a general way upon examination of any "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" information.  Nonetheless, in rendering such advice and in otherwise communicating with a party, such counsel shall not disclose the contents of any "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" information contrary to the terms of this Protective Order.

27.     This Protective Order shall survive termination of this Action, and the Court retains jurisdiction over disputes regarding compliance with this Protective Order, as well as any person subject to the Protective Order.

28.     The terms of this Protective Order shall apply to all manners and means of discovery, including entry onto land or premises and inspection of books, records, computers, electronic files, documents and tangible things.

29.     Unless the parties stipulate otherwise, evidence of the existence or nonexistence of a designation under this Protective Order shall not be admissible for any purpose, nor shall the acceptance of any information designated pursuant to this Protective Order constitute an admission or acknowledgement that the material so designated is in fact proprietary, confidential, or a trade secret.

17

30.     This Protective Order is being entered without prejudice to the right of any party for good cause shown to move this Court for modification of or relief from any of its terms, or to seek relief from the Court to declassify information designated "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY."

31.     Any person subject to the restrictive provisions of this Protective Order agrees to be subject to the restrictions imposed by this Protective Order and to subject his or her person to the jurisdiction of the above-entitled court for the limited purpose of securing compliance with the terms of this Protective Order.

32.     Unless otherwise designated, all references to "days" in this Protective Order shall be construed as calendar days.  If the last day of the period falls on a Saturday, Sunday or legal holiday, the due date is the next business day.

33.     Written notice provided under this Protective Order shall be by way of regular U.S. mail and electronic mail to all counsel of record for the party to whom notice is required to be given.  Written notice shall be considered effective as of the date received by the receiving party by electronic mail or on the date on which the receiving party's office receives the notice sent by U.S. mail, whichever is later.

34.     This Protective Order shall apply to Discovery Materials examined or produced prior to the signing of this Protective Order by the Court.

18

35.     This Protective Order may be executed in any number of counterparts, all of which, upon complete execution thereof by the parties, collectively shall be deemed to be the original.

36.     If any party or counsel for a party is no longer a party to or counsel for this action for any reason, the party or counsel for the party continues to be bound by the terms and conditions of this Protective Order.

SO ORDERED THIS ___27TH___ DAY OF SEPTEMBER, 2010

_____Timothy S. Black_____
UNITED STATES DISTRICT JUDGE

19

THIS PROTECTIVE ORDER IS STIPULATED AND
AGREED BY:

DATED: September 27, 2010.


/s/ Gretchen S. Obrist
Lynn Lincoln Sarko, *Pro Hac Vice*
lsarko@kellerrohrback.com
Michael D. Woerner, *Pro Hac Vice*
mwoerner@kellerrohrback.com
Gretchen Freeman Cappio, *Pro Hac Vice*
gcappio@kellerrohrback.com
Gretchen S. Obrist, *Pro Hac Vice*
gobrist@kellerrohrback.com
KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101
Tel: (206) 623-1900 / Fax: (206) 623-3384

David S. Preminger, *Pro Hac Vice*
dpreminger@kellerrohrback.com
KELLER ROHRBACK L.L.P.
770 Broadway, 2nd Floor
New York, NY 10003
Tel: (646) 495-6198 / Fax: (646) 495-6197

Gary D. Greenwald   0024480
ggreenwald@kellerrohrback.com
**Trial Attorney for Plaintiffs**
Mark D. Samson, *Pro Hac Vice*
msamson@kellerrohrback.com
KELLER ROHRBACK P.L.C.
3101 North Central Avenue, Suite 1400
Phoenix, AZ 85012
Tel: (602) 248-0088 / Fax: (602) 248-2822

**Interim Lead Counsel for Plaintiffs**

/s/ Brian D. Wright, with permission
D. Jeffrey Ireland Trial Attorney
djireland@ficlaw.com
Brian D. Wright
bwright@ficlaw.com
FARUKI IRELAND & COX P.L.L.
500 Courthouse Plaza, S.W.
10 North Ludlow Street
Dayton, Ohio 45402
Telephone: (937) 227-3720
Facsimile: (937) 227-3717

**Counsel for Defendants**
The Procter & Gamble Company
The Procter & Gamble Paper Products Company
and
The Procter & Gamble Distributing LLC

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

IN RE DRY MAX PAMPERS LITIGATION   :     CASE NO. 1:10-cv-00301 TSB
                                       :
                                       :     (Judge Timothy S. Black)

                                       :     **EXHIBIT A TO THE AMENDED**
                                       :     **STIPULATED PROTECTIVE ORDER**
                                       :     **AND APPROVED**
                                       :     **CONFIDENTIALITY**
                                       :     **AGREEMENT**

I, _____, being duly sworn, state that:

1.      My present address is _____.

2.      My current employer is _____. and I hold the position of
_____. My job duties and responsibilities include:
_____.

3.      I have received and carefully read a copy of the Stipulated Protective Order
issued by this Court in the lawsuit captioned, In re Dry Max Pampers Litigation, No. 1:10-cv-
00301-TSB (the "Action"). I understand and am familiar with the terms and the condition of the
Protective Order.

4.      I agree to comply with and to be bound by each of the terms and conditions of the
Protective Order. In particular, I agree to hold in confidence, in accordance with the
requirements of the Protective Order, any information or document disclosed to me pursuant to

21

the Protective Order that is designated either "CONFIDENTIAL" or "CONFIDENTIAL –
ATTORNEYS' EYES ONLY." In addition, I agree that any and all information or documents
disclosed to me will be used solely in connection with this Action, and not for any business,
competitive, governmental, cause-oriented, advocacy, personal or any other purpose or function.

5. To assure my compliance with the Protective Order, I submit myself to the
jurisdiction of the United States District Court for the Southern District of Ohio for the limited
purpose of any proceeding relating to the enforcement of, performance under, compliance with,
or violation of the Protective Order.

6. I understand that I am to retain all of the materials that I receive pursuant to the
Protective Order, and all copies, other reproductions thereof made by me, for me, or at my
direction or any information derived therefrom (such as memoranda or work notes), in a secure
container, cabinet, drawer, room, or other safe place in a manner consistent with the Protective
Order. I understand that all such materials are to remain in my custody until I have completed
my assigned duties, at which time they are to be returned to counsel of record for the party who
provided them to me. I understand that, upon completion of my assigned duties, any materials,
memoranda, work notes, or other documents derived from such materials, or containing any
information provided in such materials, shall be destroyed. I understand that such destruction
shall not relieve me from any of the continuing obligations of confidentiality imposed upon me
by the Protective Order.

7. I agree: (a) to notify all secretarial, clerical, or other personnel who are required
to assist me in any assigned duties of the terms of the Protective Order; (b) to provide each of

22

them with an unsigned copy of this Declaration for their signatures; (c) to obtain their signatures on the Declarations before disclosing to them any information designated either "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS" EYES ONLY"; (d) to provide the original, executed Declarations to counsel of record for the party who provided me with the Protective Order; and (e) to obtain and keep, throughout this Action and for a period of two years after termination of this Action by settlement or final judgment, copies of all such Declarations after they have been properly signed by all such personnel.

8.      If I have been consulted or retained by counsel for Plaintiffs in this case, then I specifically aver that I have not in the past five years been employed by or consulted with any paper product manufacturer, retailer, ingredient supplier or distributor that was in the business of manufacturing, retailing, supplying ingredients for, or distributing diapers, baby products, or feminine products.  I further understand that in producing documents and other CONFIDENTIAL OR CONFIDENTIAL - ATTORNEYS EYES ONLY information to Plaintiffs in discovery, The Procter & Gamble Company and its affiliates and subsidiaries are relying on the truth of this representation and will be substantially prejudiced if the representations made in this Exhibit are false or inaccurate.

_____
[Name of Person]

Sworn to and subscribed in my presence by the said _____, this \_\_\_\_ day of

_____.

_____
Notary Public
My Commission expires: _____

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

IN RE DRY MAX PAMPERS LITIGATION     :     CASE NO. 1:10-cv-00301 TSB

                                               :     (Judge Timothy S. Black)

                                               :

                                               :     **EXHIBIT B TO THE AMENDED
STIPULATED PROTECTIVE ORDER
AND APPROVED
CONFIDENTIALITY
AGREEMENT**

I, _____, do hereby affirm:

1.      My present address is _____.

2.      [For employees of a party only]: My current employer is _____, and I hold the position of _____. My job duties and responsibilities include:

3.      I have received and carefully read a copy of the Stipulated Protective Order issued by this Court in the lawsuit captioned, In re Dry Max Pampers Litigation, No. 1:10-cv-00301-TSB (the "Action"). I understand and am familiar with the terms and the condition of the Protective Order.

4.      I agree to comply with and to be bound by each of the terms and conditions of the Protective Order. In particular, I agree to hold in confidence, in accordance with the requirements

24

of the Protective Order, any information or document disclosed to me pursuant to the Protective Order that is designated either "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY." In addition, I agree that any and all information or documents disclosed to me will be used solely in connection with this Action, and not for any business, competitive, governmental, cause-oriented, advocacy, personal or any other purpose or function.

5.      To assure my compliance with the Protective Order, I submit myself to the jurisdiction of the United States District Court for the Southern District of Ohio for the limited purpose of any proceeding relating to the enforcement of, performance under, compliance with, or violation of the Protective Order.

6.      I understand that I am to retain all of the materials that I receive pursuant to the Protective Order, and all copies, other reproductions thereof made by me, for me, or at my direction or any information derived therefrom (such as memoranda or work notes), in a secure container, cabinet, drawer, room, or other safe place in a manner consistent with the Protective Order. I understand that all such materials are to remain in my custody until I have completed my assigned duties, at which time they are to be returned to counsel of record for the party who provided them to me. I understand that, upon completion of any duties I have been assigned in this case, or upon conclusion of the litigation, any materials, memoranda, work notes, or other documents derived from such materials, or containing any information provided in such materials, shall be destroyed. I understand that such destruction shall not relieve me from any of the continuing obligations of confidentiality imposed upon me by the Protective Order.

25

7.      I agree: (a) to notify all secretarial, clerical, or other personnel who are required to assist me in any assigned duties of the terms of the Protective Order; (b) to provide each of them with an unsigned copy of this Declaration for their signatures; (c) to obtain their signatures on the Declarations before disclosing to them any information designated either "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS" EYES ONLY"; (d) to provide the original, executed Declarations to counsel of record for the party who provided me with the Protective Order; and (e) to obtain and keep, throughout this Action and for a period of two years after termination of this Action by settlement or final judgment, copies of all such Declarations after they have been properly signed by all such personnel.

_____

[Name of Person]

_____

[Date]

26