IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| IN RE DRY MAX PAMPERS LITIGATION | : | CASE NO. 1:10-cv-00301 |
| | : | (Judge Timothy S. Black) |
| | : | **ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT** |
| | : | |
| | : | |
| | : | |

In this action, Plaintiffs,[1] on behalf of themselves and all others similarly situated (the "Settlement Class"), assert claims against Defendants The Procter & Gamble Company, The Procter & Gamble Paper Products Company and The Procter & Gamble Distributing LLC (collectively "Procter & Gamble"). Procter & Gamble has denied each of the claims asserted against them in this Action and denies any and all liability. Plaintiffs maintain that their claims have merit and that a class or classes would be certified in this action.

This Court has now been presented with a Motion for Preliminary Approval of Proposed Settlement and a Settlement Agreement dated May 27, 2011. The settlement was negotiated, and consented to, on behalf of the Parties and resolves any and all Claims

---

[1] Angela Clark, Kenneth Clark, Kelly Adams, Kristina Atwood, Chasitie Ayers-Porter, Crissy Beach, Amber Beck, Ryan Berman, Stacie Berman, Brandy Bishop, Nicholas Bishop, Meredith Bottar, Melanie Braun, Gina Brown, Whitney Caldwell, Holley Codner, Amanda Converse, Shannon D'Andrea, Angelina Davenport, Robert Davenport, Darcel Darscheid, Brandon Ehrhart, Jessica Ehrhart, Gayle Hironimus, Brandon Hulse, Victoria Katona, Frank Lawson, Amy Lock, Mariah MaLoon, Nicole Majchrzak, Morgan Maue, Robin York, Jeni McAllister, Maria McMahon, Eugenia Nunn, Natalie Papailiou, Cassie Raether, Stephanie Rios, Jodi Robins, Jennifer Robinson, Leah Robison, Alexandra Rosenbaum, Erin Ruopp, Lisa Saacks, Diane Samelson, Elvira Scarbro, Keith Scarbro, Adona Schank, Asia Southard, Suzy Sullivan, Felicia Robertson Tatum, Nicole A. Tepper, John Walker, Karina Walker, Emily Weaver, Ryan Weaver, Brigette Wolfe, Joseph Wolfe, and Amy Young (collectively "Plaintiffs").

against Procter & Gamble arising out of the Action (as defined in the Settlement Agreement). Notice of the proposed settlement has been served on the appropriate federal and state officials by Federal Express pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1715 ("CAFA"), within the time prescribed by CAFA.

Having considered the terms of the Settlement Agreement in light of the issues presented by the pleadings, the record in this case, the complexity of the proceedings, the absence of any evidence of collusion between Plaintiffs and Procter & Gamble; and being preliminarily satisfied that the Settlement Agreement is fair, reasonable and consistent with applicable laws; and being satisfied that the proposed Notice of Class Action Settlement is adequate and sufficiently informative as to the terms and effect of the proposed settlement and the conditional certification of the Settlement Class, IT IS ORDERED THAT:

1.  This Court has jurisdiction over the subject matter of the Action pursuant to 18 U.S.C. § 1332(d). This Court also has jurisdiction over all Parties to the Action, including all members of the Class, as defined in Paragraph 3, below.

2.  The Settlement Agreement is preliminarily and conditionally approved as a fair, reasonable and adequate compromise of the risks of the Action, subject to further consideration at the final approval hearing. Plaintiffs and Procter & Gamble are authorized and directed to take all actions that may be required prior to final

approval by the Court of the proposed settlement and compromises set forth in the Settlement Agreement.

       3.     For the sole purpose of determining whether the proposed settlement embodied in the Settlement Agreement should be approved as fair, reasonable and adequate and whether the case pending at Case No. 1:10-cv-00301 should be dismissed with prejudice as to Procter & Gamble, a Settlement Class is preliminarily and conditionally certified under Rule 23(b)(2) of the Federal Rules of Civil Procedure, as follows: "All persons in the United States and its possessions and territories, who purchased or acquired (including by gift) Pampers brand diapers containing 'Dry Max Technology' from August 2008 through Final Judgment." All federal judges to whom this case is assigned and members of their families within the first degree of consanguinity, and officers and directors of Procter & Gamble, are excluded from the class definition.

       4.     Solely for purposes of the proposed settlement, Plaintiffs are designated as the Class Representatives.

       5.     The Court conditionally approves of and appoints Lynn Lincoln Sarko and Gretchen Freeman Cappio of Keller Rohrback L.L.P. to serve as Lead Class Counsel for the Settlement Class for the purpose of determining whether the proposed settlement embodied in the Settlement Agreement should be approved as fair, reasonable and adequate and whether the case pending at Case No. 1:10-cv-00301 should be dismissed with prejudice as to Procter & Gamble.

3

6. If the proposed settlement is not approved or consummated for any reason whatsoever, then the settlement class certification established by this Order will be vacated, the Class and Procter & Gamble will return to the status of the claims, defenses, and class certification immediately prior to May 27, 2011, the date on which the proposed settlement was reached; the proposed settlement and all proceedings conducted in connection therewith shall be stricken from the record and shall be without prejudice to the status quo ante rights of the Class and Procter & Gamble.

7. The Long Form of Notice of Class Action Settlement (the "Long-Form Notice") attached as Exhibit A to the Settlement Agreement and the Summary Notice attached as Exhibit B to the Settlement Agreement are approved. Dissemination of the class notice as set forth in the Notice Plan satisfies the requirements of due process and the Federal Rules of Civil Procedure. The Long-Form Notice and Summary Notice will be published in accordance with the terms of the Notice Plan set forth in the Settlement Agreement. Non-substantive changes may be made to the Long-Form Notice and Summary Notice by agreement of Plaintiffs and Procter & Gamble without further order of this Court.

8. Garden City Group is appointed as the Notice Administrator.

9. A final approval hearing shall be held at **10:00 a.m.** on **September 28, 2011** for the purpose of determining whether the proposed settlement and compromise set forth in the Settlement Agreement shall be approved finally by the Court and whether final judgment dismissing the Action with respect to Procter & Gamble is appropriate. This hearing will be held at the United States Courthouse, United States

4

District Court, Southern District of Ohio, Courtroom 117, 100 East Fifth Street, Cincinnati, Ohio 45202, and the Court will consider and determine:

 A. whether the proposed settlement is fair, reasonable and adequate to members of the Class and should be approved by the Court;

 B. whether the proposed Settlement Class satisfies the applicable prerequisites for class action treatment under Federal Rules of Civil Procedure 23(a) and 23(b)(2) for purposes of the proposed settlement;

 C. whether the Court should enjoin Procter & Gamble according to the specific terms in the Settlement Agreement;

 D. whether Final Judgment should be entered, dismissing the Action as to Procter & Gamble, on the merits and with prejudice, and to determine whether the release by the Class of the Released Claims, as set forth in the Settlement Agreement, should be provided;

 E. whether the Court should permanently bar and enjoin the Class in accordance with the limited class action bar, as set forth in the Settlement Agreement;

 F. whether the Court should approve Class Counsel's application for an award of attorneys' fees and expenses;

 G. whether the request by Class Counsel for Representative Plaintiff Awards to the Class Representatives in the amount of $1,000 each (per

5

>> affected child) for their continued efforts in the Action is reasonable and fair; and
>
> H. such other matters as the Court may deem appropriate.

10. Any person who wishes to oppose or object to final approval of the settlement and compromise in Case No. 1:10-cv-00301 shall mail an objection letter to "Objections - Dry Max Pampers Notice Administrator," c/o GCG, Inc., P.O. Box 9734, Dublin, Ohio 43017-5634, and service of the objection should be effectuated on Lead Class Counsel, counsel for Procter & Gamble, and the Court. Objection letters must be postmarked by **August 29, 2011**, and must include all of the following:

- The name of the case, In Re Dry Max Pampers Litigation, Case No. 1:10-cv-00301;

- The objector's name, address and telephone number;

- A statement of the objection and a summary of the reasons for the objection;

- Copies of any documents upon which the objection is based;

- A statement of whether the objector or the objector's lawyer will ask to speak at the final approval hearing; and

Any person who wishes to appear at the final approval hearing, either in person or through counsel, in addition to providing the above information shall also:

6

- Identify the points the objector wishes to speak about at the hearing;

- Enclose copies of any documents the objector intends to rely on at the hearing;

- State the amount of time the objector requests for speaking at the hearing; and

- State whether the objector intends to have a lawyer speak on his or her behalf.

Any lawyer who intends to speak on behalf of an objector at the final approval hearing shall enter a written notice of appearance of counsel with the Clerk of Court no later than **September 21, 2011.** All properly submitted objections shall be considered by the Court.

11. Any member of the Class who does not object in the manner set forth above shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, adequacy or reasonableness of the proposed settlement, the Final Approval Order and Judgment to be entered approving the settlement, the release of claims, or the attorneys' fees and reimbursement of expenses requested.

7

12. The costs and expenses of preparing and publishing the Long-Form Notice and the Summary Notice shall be paid by Procter & Gamble pursuant to the terms of the Settlement Agreement.

13. All proceedings in the Action, other than such as may be necessary to carry out the terms and conditions of this Order or the responsibilities incidental thereto, are stayed and suspended as between Plaintiffs and Procter & Gamble until further order of the Court.

14. The Court may adjourn the final approval hearing, or any adjournment thereof, without any further notice other than an announcement at the final approval hearing, or any adjournment thereof, and to approve the Settlement Agreement with modifications as approved by the parties to the Settlement Agreement without further notice to the Class.

15. All terms used, but not otherwise defined herein, shall have the meanings ascribed to them in the Settlement Agreement.

16. The Court retains exclusive jurisdiction over the Action to consider all further matters arising out of or connected with the proposed settlement.

DONE AND ENTERED INTO this 7th day of June, 2011.

*Timothy S. Black*
Judge Timothy S. Black
United States District Court
Southern District of Ohio