UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| IN RE DRY MAX PAMPERS LITIGATION | ) | No. 1:10-cv-00301-TSB |
| | ) | |
| | ) | The Honorable Timothy S. Black |
| | ) | |

## PLAINTIFFS' MOTION FOR ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES AND REPRESENTATIVE PLAINTIFF AWARD PAYMENTS

Plaintiffs, by and through Lead Class Counsel,[1] respectfully move for an Order awarding attorneys' fees and reimbursement of expenses totaling $2,730,000 and Representative Plaintiff Award payments to Class Representatives. The facts and arguments in support of this Motion are set forth in the accompanying Memorandum in Support.

As described in the parties' Settlement Agreement and Release (Dkt. # 54-2, May 27, 2011) (hereinafter "Dkt. # 54-2"), and as approved by Order of this Court on June 7, 2011 (Dkt. # 55), Plaintiffs respectfully request that the Court award Plaintiffs' Counsel's fees and expenses totaling $2,730,000, and approve Representative Plaintiff Awards of one thousand dollars ($1,000) per affected child for each Class Representative.

---

[1] The Court named Lynn Lincoln Sarko and Gretchen Freeman Cappio of Keller Rohrback L.L.P. as Lead Class Counsel. Order Preliminarily Approving Class Action Settlement at ¶ 5 (Dkt. # 55, June 7, 2011) (hereinafter "Dkt. # 55").

Respectfully submitted,

KELLER ROHRBACK L.L.P.

s/ Gary D. Greenwald
Gary D. Greenwald  0024480
KELLER ROHRBACK L.L.P.
3101 North Central Avenue, Suite 1400
Phoenix, AZ 85012
**Trial Attorney for Plaintiffs**

s/ Gretchen Freeman Cappio
Lynn Lincoln Sarko, *Pro Hac Vice*
lsarko@kellerrohrback.com
Gretchen Freeman Cappio, *Pro Hac Vice*
gcappio@kellerrohrback.com
KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101
Tel: (206) 623-1900 / Fax: (206) 623-3384
**Lead Class Counsel**

Michael D. Woerner, *Pro Hac Vice*
mwoerner@kellerrohrback.com
Gretchen S. Obrist, *Pro Hac Vice*
gobrist@kellerrohrback.com
Harry Williams IV, *Pro Hac Vice*
hwilliams@kellerrohrback.com
KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101
Tel: (206) 623-1900 / Fax: (206) 623-3384

David S. Preminger, *Pro Hac Vice*
dpreminger@kellerrohrback.com
KELLER ROHRBACK L.L.P.
770 Broadway, 2nd Floor
New York, NY 10003
Tel: (646) 495-6198 / Fax: (646) 495-6197

Mark D. Samson, *Pro Hac Vice*
msamson@kellerrohrback.com
KELLER ROHRBACK P.L.C.
3101 North Central Avenue, Suite 1400
Phoenix, AZ  85012
Tel: (602) 248-0088 / Fax: (602) 248-2822
***Interim Lead Counsel for Plaintiffs***

**OTHER PLAINTIFFS' COUNSEL:**

Donald S. Varian, Jr.  0013027
varianlaw@aol.com
195 South Main Street, Suite 400
Akron, OH 44308
Tel: (330) 434-4100 / Fax: (330) 434-4110

Todd S. Collins
tcollins@bm.net
Neil F. Mara
nmara@bm.net
Elizabeth Fox
efox@bm.net
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA 19103-6365
Tel: (215) 875-3000 / Fax: (215) 875-4604

Joseph C. Kohn
jkohn@kohnswift.com
George S. Croner
gcroner@kohnswift.com
Craig W. Hillwig
chillwig@kohnswift.com
KOHN, SWIFT & GRAF, P.C.
One South Broad Street, Suite 2100
Philadelphia, PA  19107
Tel: (215) 238-1700 / Fax: (215) 238-1968

Christina Donato Saler
cdsaler@chimicles.com
CHIMICLES & TIKELLIS, LLP
361 W. Lancaster Avenue
Haverford, PA 19041
Tel: (610) 642-8500

Gerard V. Mantese
gmantese@manteselaw.com
David Honigman
dhonigman@manteselaw.com
David Hansma
dhansma@manteselaw.com
MANTESE, HONIGMAN, ROSSMAN AND
WILLIAMSON, P.C.
1361 E. Big Beaver Road
Troy, MI  48083
Tel: (248) 457-9200 / Fax: (248) 457-9201

Thomas M. Mullaney
tmm@mullaw.org
LAW OFFICES OF THOMAS M. MULLANEY
275 Madison Avenue, 37th Floor
New York, NY  10016
Tel: (212) 223-0800 / Fax: (212) 661-9860

Daniel E. Gustafson
dgustafson@gustafsongluek.com
Karla M. Gluek
kgluek@gustafsongluek.com
Amanda M. Williams
awilliams@gustafsongluek.com
GUSTAFSON GLUEK PLLC
650 Northstar East
608 Second Avenue South
Minneapolis, MN  55402
Tel: (612) 333-8844 / Fax: (612) 339-6622

Richard J. Arsenault
rarsenault@nbalawfirm.com
Laura Singletary
lsingletary@nbalaw.com
Mary Nell Bennett
mnbennett@nbalaw.com
NEBLETT, BEARD & ARSENAULT
2220 Bonaventure Court
P.O. Box 1190
Alexandria, LA  71309-1190
Tel: (318) 487-9874 / Fax: (318) 561-2591

Nicholas J. Drakulich
njd@draklaw.com
THE DRAKULICH FIRM, A PROFESSIONAL
LAW CORPORATION
2727 Camino Del Rio South, Suite 322
San Diego, CA 92108
Tel: (858) 755-5887 / Fax: (858) 755-6456

Joseph F. Devereux, Jr.
jfdevereuxjr@devereusmurphy.com
Joseph F. Devereux, III
jfdiii@devereuxmurphy.com
DEVEREUX MURPHY LLC
The Plaza at Clayton
190 Carondelet, Suite 1100
St. Louis, MO 63105
Tel: (314) 721-1516 / Fax: (314) 721-4434

Dianne M. Nast
dnast@rodanast.com
RODANAST, P.C.
801 Estelle Drive
Lancaster, PA 17601
Tel: (717) 892-3000 / Fax: (717) 892-1200

David S. Corwin
dcorwin@shercorwin.com
Amanda Sher
asher@shercorwin.com
SHER CORWIN, LLC
190 Carondelet Plaza, Suite 1100
Clayton, MO 63105
Tel: (314) 721-5200 / Fax: (314) 721-5201

J. Gordon Rudd, Jr.
Gordon.rudd@zimmreed.com
Charles S. Zimmerman
Charles.zimmerman@zimmreed.com
Elizabeth A. Peterson
Elizabeth.peterson@zimmreed.com
Timothy J. Becker
Timothy.becker@zimmreed.com
ZIMMERMAN REED, P.L.L.P.
651 Nicollet Mall, Suite 501
Minneapolis, MN 55402
Tel: (612) 341-0400 / Fax: (612) 341-0844

Mila F. Bartos
mbartos@finkelsteinthompson.com
Karen J. Marcus
kmarcus@finkelsteinthompson.com
FINKELSTEIN THOMPSON LLP
1050 - 30th Street, NW
Washington,, D.C.  20007
Tel: (202) 337-8000 / Fax: (202) 337-8090

Peter H. Weinberger
pweinberger@spanglaw.com
Stuart E. Scott
sscott@spanglaw.com
SPANGENBERG SHIBLEY & LIBER LLP
1001 Lakeside Avenue East, Suite 1700
Cleveland, OH  44114
Tel: (216) 696-3232 / Fax: (216) 696-3924

Hassan A. Zavareei
hzavareei@tzlegal.com
Jonathan Tycko
jtycko@tzlegal.com
Jeffrey Kaliel
jkaliel@tzlegal.com
TYCKO & ZAVAREEI LLP
2000 L Street, NW, Suite 808
Washington, DC  20036
Tel: (202) 973-0900 / Fax: (202) 973-0950

J. Edward Bell, III
ebell@edbelllaw.com
J. Ryan Heiskell
rheiskell@edbelllaw.com
BELL LEGAL GROUP, LLC
232 King Street
Georgetown, SC  29442
Tel: (843) 546-2408 / Fax: (843) 546-9604

T. Ryan Langley
rlangley@hodgelawfirm.com
HODGE & LANGLEY LAW FIRM, P.C.
229 Magnolia St.
Spartanburg, SC  29306
Tel: (864) 585-3873 / Fax: (864) 585-6485

## **Table of Contents**

I.      INTRODUCTION ...................................................................................................... 5

II.     HISTORY OF SETTLEMENT NEGOTIATIONS .................................................... 7

III.    THE COURT SHOULD AWARD THE FULL AMOUNT OF
        ATTORNEYS' FEES IN THE PARTIES' SETTLEMENT ......................................... 8

        1.      Applicable Legal Standards ............................................................................ 8

        2.      Plaintiffs' Attorneys' Fee Request is Reasonable .......................................... 9

                1.      The Settlement Benefits the Plaintiff Class ........................................ 9

                2.      The Value of Services on an Hourly Basis ....................................... 11

                3.      The Contingent Nature of the Action, the Complexity of the
                        Litigation, and the Professional Skill of Counsel on Both
                        Sides Favor Granting the Attorneys' Requested Fees ...................... 13

                4.      Incentive to Undertake Similar Litigation ....................................... 15

                5.      Skill of Counsel ................................................................................ 15

                6.      The Mediator's Recommendation ..................................................... 15

IV.     REPRESENTATIVE PLAINTIFF AWARDS FOR CLASS
        REPRESENTATIVES ............................................................................................... 16

V.      CONCLUSION ......................................................................................................... 17

**MEMORANDUM IN SUPPORT OF AN AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, AND REPRESENTATIVE PLAINTIFF AWARD PAYMENTS**

Plaintiffs, by and through Lead Class Counsel, respectfully submit this memorandum in support of their motion for an award of attorneys' fees and reimbursement of expenses for the legal work that undersigned counsel[2] have performed and the risk they have incurred in prosecuting this matter and securing a successful resolution for the Settlement Class.[3] Plaintiffs also seek Representative Plaintiff Awards for the Class Representatives.[4]

## I.    INTRODUCTION

The Settlement achieves significant gains for the Settlement Class, notably important injunctive relief including a label change to the Dry Max Pampers, the dissemination on Pampers' website of important health information, pediatric residency training in babies' skin health, and money back for unsatisfied customers. It is the product of diligent investigation,

---

[2] Seventeen law firms have provided their fee and cost data to Lead Class Counsel, in accordance with Lead Class Counsel's request pursuant to the Court's June 16, 2010 Order on Plaintiffs' Motion for Consolidation and Appointment as Interim Lead Counsel (Dkt. 15). Declarations containing this fee and cost information are filed herewith.

[3] The Settlement Class is defined as:

All persons in the United States and its possessions and territories, who purchased or acquired (including by gift) Pampers brand diapers containing "Dry Max Technology" from August 2008 through Final Judgment.

All federal judges to whom this case is assigned and members of their families within the first degree of consanguinity, and officers and directors of Procter & Gamble, are excluded from the class definition.

Settlement Agreement at 11 (Dkt. # 54-2, May 27, 2011) (hereinafter "Dkt. # 54-2").

[4] By the Court's Order Preliminarily Approving Class Action Settlement (Dkt. # 55), the following individuals are designated Class Representatives: Angela Clark, Kenneth Clark, Kelly Adams, Kristina Atwood, Chasitie Ayers Porter, Crissy Beach, Amber Beck, Ryan Berman, Stacie Berman, Brandy Bishop, Nicholas Bishop, Meredith Bottar, Melanie Braun, Gina Brown, Whitney Caldwell, Holley Codner, Amanda Converse, Shannon D'Andrea, Angelina Davenport, Robert Davenport, Darcel Darscheid, Brandon Ehrhart, Jessica Ehrhart, Gayle Hironimus, Brandon Hulse, Victoria Katona, Frank Lawson, Amy Lock, Mariah MaLoon, Nicole Majchrzak, Morgan Maue, Robin York, Jeni McAllister, Maria McMahon, Eugenia Nunn, Natalie Papailiou, Cassie Raether, Stephanie Rios, Jodi Robins, Jennifer Robinson, Leah Robison, Alexandra Rosenbaum, Erin Ruopp, Lisa Saacks, Diane Samelson, Elvira Scarbro, Keith Scarbro, Adona Schank, Asia Southard, Suzy Sullivan, Felicia Robertson Tatum, Nicole A. Tepper, John Walker, Karina Walker, Emily Weaver, Ryan Weaver, Brigette Wolfe, Joseph Wolfe, and Amy Young.

vigorous litigation, and lengthy and hard-fought arm's length negotiations between the parties.

The Honorable Layn Phillips, a retired United States District Judge with vast experience

mediating complex class-action litigation, oversaw the resolution of all of the material terms of

the Settlement.  Moreover, the attorneys' fees and expenses sought by Plaintiffs are the

mediator's recommendation and represent Judge Phillips' strenuous efforts to achieve a

successful compromise.  Declaration of the Honorable Layn R. Phillips (Dkt. # 54-7, May 27,

2011) (hereinafter "Dkt. # 54-7").

   The parties resolved all material terms of the Settlement before they negotiated attorneys'

fees and expenses.  After numerous rounds of proposals and counter-proposals over the course of

four intensive weeks of negotiations, the parties agreed to the Mediator's Proposal of Plaintiffs'

attorneys' fees and expenses not to exceed $2,730,000.  The award of attorneys' fees and

expenses is separate and apart from and will not affect the Class relief, removing any suggestion

of collusion.  *See In re Countrywide Fin. Corp. Customer Data Sec. Breach Litig.*, 3:08-MD-

01998, 2010 WL 3341200, at *2 (W.D. Ky. Aug. 23, 2010) ("Courts presume the absence of

fraud or collusion in class action settlements unless there is evidence to the contrary." (internal

citation and punctuation omitted)).

   Rule 23(h) of the Federal Rules of Civil Procedure expressly authorizes the Court to

award "reasonable attorneys fees and nontaxable costs . . . by agreement of the parties. . . ."

"Negotiated and agreed-upon attorneys fees as part of a class-action settlement are encouraged as

an "ideal" toward which the parties should strive."  *Bailey v. AK Steel Corp.*, 1:06-CV-468, 2008

WL 553764 at *1 (S.D. Ohio Feb. 28, 2008); *see also Hensley v. Eckherhart*, 461 U.S. 424, 437

(1983) (holding that an agreed-to-fee is an ideal situation).

The negotiated fees and expenses here are significantly below the lodestar amount, that is, the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. *Id.* at 433.  An attorney's reasonable hourly rate is determined by looking at "national markets, an area of specialization, or any other market they believe is appropriate to fairly compensate attorneys in individual cases." *McHugh v. Olympia Entm't, Inc.*, 37 Fed. Appx. 730, 740 (6th Cir. 2002).

The aggregate lodestar includes time spent counseling clients; investigating facts and law related to Dry Max Pampers; drafting pleadings and written discovery; conferring with experts and reviewing the results of their research; meeting and conferring with P&G's[5] Counsel to resolve discovery disputes; reviewing documents produced by P&G; drafting Mediation briefs; and negotiating the Settlement with P&G.  Plaintiffs also include time spent responding to P&G's Motion to Bifurcate Discovery and the hearing on that motion.  Expenses include, among other items, expert fees, filing fees, legal research costs, and postage.

In addition, in recognition of Class Representatives' time and effort expended in this action, P&G has agreed to pay $1,000 to each Class Representative per affected child as a Representative Plaintiff Award.  As with Plaintiffs' attorneys' fees and expenses, these modest Representative Plaintiff Awards do not affect the amount or nature of the relief available to the Settlement Class.

## II.   HISTORY OF SETTLEMENT NEGOTIATIONS

As detailed in the Settlement Agreement and Release (Dkt. # 54-2) and the Joint Declaration of Lynn Lincoln Sarko and Gretchen Freeman Cappio In Support of Joint Motion For Certification of Settlement Class, Preliminary Approval of Settlement, Approval of Notice

---

[5] As defined in the Dkt. # 54-2 (at 1), "Defendants," "P&G," or "Procter & Gamble" are The Procter & Gamble Company, Procter & Gamble Paper Products Company, and Procter & Gamble Distributing LLC.

Plan and Notice Administrator, and Appointment of Lead Class Counsel (Dkt. # 54-10),

Plaintiffs' Counsel committed considerable time and resources to prosecute this matter without

any guarantee of payment.  The litigation was hard fought and involved extensive investigation,

consultation with experts, scientific experiments, and legal research and briefing, all of which

were necessary to achieve a positive result for the Class.

The Settlement was the product of protracted arms' length negotiations.  The parties

exchanged extensive briefing prior to an intensive, initial, in-person mediation on February 7 and

8, 2011.  *See* Declaration of Lynn Lincoln Sarko and Gretchen Freeman Cappio in Support of

Plaintiffs' Motion for Attorneys' Fees, Reimbursement of Expenses and Representative Plaintiff

Award Payments at ¶¶ 14-15 (hereinafter "Sarko/Cappio Decl.").  After the mediation, Judge

Phillips and the parties worked vigorously through phone calls and emails to move the parties

toward settlement.  On March 4, 2011, with the parties deadlocked on the fee issue and having

heard both side's vigorous advocacy on the issue, Judge Phillips made a Mediator's

Recommendation.  The proposal was made on a take-it-or-leave-it basis, and the Mediator

required the parties to submit their acceptance or rejection of all terms exclusively to the

Mediator.  Only when both parties separately agreed did Judge Phillips determine there was

agreement to the terms of the settlement as well as attorneys' fees and expenses.  Dkt. # 54-7 at

¶ 7.

### III.   THE COURT SHOULD AWARD THE FULL AMOUNT OF ATTORNEYS' FEES IN THE PARTIES' SETTLEMENT

#### 1.   Applicable Legal Standards

Courts "are especially amenable to awarding negotiated attorneys' fees and expenses in a

reasonable amount where that amount is in addition to and separate from the defendant's

settlement with the class."  *Bailey*, 2008 WL 553764 at *1, citing *DeHoyos v. Allstate Corp.*, 240

F.R.D. 269, 322 (W.D. Tex. 2007) (collecting cases) and *Manners v. Am. Gen. Life Ins. Co.*,

1999 WL 33581944 at *28 (M.D. Tenn. 1999).  Fees negotiated and paid separate and apart from

the class recovery are entitled to a "presumption of reasonableness."  *Bailey*, 2008 WL 553764 at

*1.

 In the Sixth Circuit, courts employ a six-factor test to determine the reasonableness of fee

calculations: (1) the value of the benefit rendered to the plaintiff class; (2) the value of the

services on an hourly basis; (3) if the services were undertaken on a contingent fee basis;

(4) society's stake in rewarding attorneys who produce such benefits to maintain an incentive to

others; (5) the litigation complexity; and (6) the professional skill and standing of counsel

involved.  *See Ramey v. Cincinnati Enquirer, Inc.*, 508 F.2d 1188, 1196 (6th Cir. 1974).  As

detailed below, each of these factors favors granting Plaintiffs' request for fees and expenses

here.

**2.     Plaintiffs' Attorneys' Fee Request is Reasonable**

 **1.     The Settlement Benefits the Plaintiff Class**

 The Settlement Agreement gives the Plaintiff Class most of the relief requested in the

Consolidated Complaint: injunctive relief to help ensure that parents do not have to watch their

children suffer unnecessarily because of lack of information about problems associated with the

Dry Max Pampers.  Plaintiffs have also secured a money-back guarantee for purchases of Dry

Max Pampers.  Specifically, the injunctive relief requires that:

> Procter & Gamble shall modify the Pampers Swaddlers and Cruisers label as a
> rolling effort to be completed within twenty-four (24) months of the Effective
> Date,[6] to read as follows: *"For more information on common diapering questions
> such as choosing the right Pampers product for your baby, preventing diaper*

---

[6] The Effective Date is defined as "means the date on which all appellate rights with respect to the Final Approval Order and Judgment have expired or have been exhausted in such a manner as to affirm the Final Approval Order and Judgment, and when no further appeals are possible, including review by the United States Supreme Court." Settlement Agreement, Dkt. # 54-2 at 5-6.

> *leaks, diaper rash, and potty training, please consult Pampers.com or call 1-800-*
> *Pampers."*  The above statement shall remain on such packages for a minimum of
> twenty-four (24) months after the date it is first placed on the Pampers Swaddlers
> and Cruisers label.

Dkt. # 54-2 at 17-18.  In addition, P&G has agreed to provide the following information within

30 days of the Effective Date, and for a minimum of 24 months, on the Pampers website:

> Diaper rash is usually easily treated and improves within a few days after starting
> home treatment.  If your baby's skin doesn't improve after a few days of home
> treatment with over-the-counter ointment and more frequent diaper changes, then
> talk to your doctor.
>
> Sometimes, diaper rash leads to secondary infections that may require
> prescription medications.  Have your child examined if the rash is severe or the
> rash worsens despite home treatment.
>
> See your child's doctor if the rash occurs along with any of the following:
> (1) fever; (2) blisters or boils; (3) a rash that extends beyond the diaper area;
> (4) pus or weeping discharge.
>
> Useful links:  http://www.mayoclinic.com/health/diaper-rash/DS00069 and
> http://www.patiented.aap.org/content.aspx?aid=5297

*Id*. at 18-19.  Finally, as "soon as practicable" after the Effective Date,

> Procter & Gamble shall produce and fund a pediatric resident training program at
> leading children's health centers in the area of skin health, e.g., programs for
> medical schools and educational material, in the amount of $150,000/year for two
> (2) years.  This program shall give pediatric residents (the first line in rash cases)
> additional training and information about skin health and the treatment of diaper
> rash.

*Id*. at 19-20.

At the time Plaintiffs filed suit, the U.S. Consumer Product Safety Commission (CPSC)

was receiving thousands of complaints that Dry Max Pampers were causing extreme rashes.  In

the main, prior to the filing of this lawsuit, many parents and doctors were unaware that, in some

cases, diapers themselves can be the cause of skin irritation requiring medical attention, meaning

that they were trying ineffective remedies and leaving the cause of the rashes – wearing the

diapers – untreated.  While ultimately the CPSC was unable to determine exactly the how Dry

Max Pampers may have caused the extraordinary rashes, the injunctive relief will help ensure going forward that parents and medical professionals have all the information they need to make the best choices for babies, with information provided by the Mayo Clinic.  Those consumers who are dissatisfied with Dry Max Pampers will get their money back.  Because the Plaintiff Class got the relief they requested, this factor weighs in favor of awarding the requested fees and expenses.

### 2. The Value of Services on an Hourly Basis

The total number of hours of legal work on behalf of the Class, 9063, is reasonable, considering the complex, high-stakes nature of this nationwide action.  Sarko/Cappio Decl. at ¶ 39.  The extensive efforts of counsel to field questions from over 700 calls and emails; to conduct research; to litigate; and to resolve this matter are detailed in the Declaration submitted by Lead Class Counsel.  *Id*. at ¶¶ 3-4.

Plaintiffs filed separate actions in district courts in several states.  These Complaints relied on extensive research and investigation of the law and facts.  *Id*.  Painstakingly collecting and verifying facts about the plaintiffs was both necessary and time-consuming.

On September 24, 2010, P&G Companies filed a Motion for Phased and Sequenced Discovery (Dkt. #28, Sept. 24, 2010) (hereinafter "Dkt. # 28") that required significant legal research and a court hearing.  *Id.* at ¶¶ 4, 11.  Defendants also filed a Motion to Dismiss and a Motion to Strike Class Allegations.  While Plaintiffs ultimately did not file their oppositions to these motions with this Court, Plaintiffs' mediation briefs made extensive use of the legal and factual research that would form the basis for Plaintiffs' pleadings in opposition.  Counsel's briefing for mediation included research and drafting on justiciability, preemption, breach of warranty, states' consumer protection acts, and unjust enrichment.  Legal research for the

11

Consolidated Complaint and mediation briefs included several causes of action for every state and the District of Columbia.

Plaintiffs drafted discovery and spent significant time negotiating discovery-related matters, from the content of core documents ordered released by this Court to discovery scheduling and a protective order. *Id*. at ¶ 9. The Parties engaged in many meet and confer conferences about discovery. *Id*.

Throughout the litigation, Lead Class Counsel coordinated the efforts of Plaintiffs' counsel to maximize collective resources, minimize duplication and streamline the prosecution of the case. Sarko/Cappio Decl. at ¶ 37. *Cf., In re Ins. Brokerage Antitrust Litig.*, 579 F.3d 241, 283-84 (3d Cir. 2009) (approving award of attorneys' fees in litigation involving approximately 15 plaintiffs and approximately 50 law firms). Lead Class Counsel oversaw and directed litigation strategies and positions, leveraging economies of scale whenever possible, and assigning discrete tasks to various counsel, keeping Plaintiffs and their counsel abreast of all developments in the litigation and settlement negotiations. *Id*. Lead Class Counsel intends to divide fees among Plaintiffs' counsel that meaningfully contributed to the successful resolution of the case and provided a substantial contribution to the advancement of the litigation. *See, e.g.*, *In re Broadwing, Inc. ERISA Litig.*, 252 F.R.D. 369, 383 (S.D. Ohio 2006) ("Class Counsel shall allocate the award of attorneys' fees among counsel for the Class based on their good-faith assessment of the contribution of such counsel to the prosecution of this Action").

Finally, Lead Class Counsel have agreed to a fee that is significantly below their lodestar, albeit within the range of reasonableness. Given the benefits achieved, this Settlement would easily justify a multiplier, but in the interests of the Class and the Settlement, Plaintiffs' Counsel have agreed to compromise on their fees.

There is a "strong presumption" that this lodestar figure represents a reasonable fee. *Ousley v. Gen. Motors Ret. Program for Salaried Emps.*, 496 F. Supp. 2d 845, 850 (S.D. Ohio 2006). "To arrive at a reasonable hourly rate, courts use as a guideline the prevailing market rate, defined as the rate that lawyers of comparable skill and experience can reasonably expect to command within the venue of the court of record." *Geier v. Sundquist*, 372 F.3d 784, 791 (6th Cir. 2004). Here, Plaintiffs' Counsel are highly-respected members of the bar with extensive experience in prosecuting high-stakes complex litigation, including consumer class actions. Sarko/Cappio Decl. at ¶ 45.

Opposing counsel are similarly highly-respected and experienced in defense of class action litigation. *In re Charter Commc'ns, Inc., Sec. Litig.*, 2005 WL 4045741, at *17 (E.D. Mo. June 30, 2005) ("The quality and vigor of opposing counsel is important in evaluating the services rendered by Lead Counsel."). The CPSC and Health Canada both failed to find a causal link between the diapers and the rashes, making Plaintiffs' task more complicated. Given the formidable opposition by well-heeled defendants represented by a well-respected counsel, a high level of experience was required for success.

Finally, normal billing rates usually "provide an efficient and fair short cut for determining the market rate." *Hadix v. Johnson*, 65 F.3d 532, 536 (6th Cir. 1995) (internal quotation omitted). Plaintiffs' attorneys have applied their usual billing rates to determine the lodestar. Sarko/Cappio Decl. at ¶ 36.

### 3. The Contingent Nature of the Action, the Complexity of the Litigation, and the Professional Skill of Counsel on Both Sides Favor Granting the Attorneys' Requested Fees

The contingent nature of success is another factor that courts in the Sixth Circuit consider, and again that factor favors granting Plaintiffs' Counsel's request for fees. Fee awards are good social policy because they reward "attorneys who produce . . . benefits [to the class and

13

society and therefore] maintain an incentive to others." *Ramey v. Cincinnati Enquirer, Inc.*, 508 F.2d 1188, 1196 (6th Cir.1974).

From the outset, Plaintiffs' Counsel litigated this matter on a contingent basis and placed at risk their own resources to do so.  Sarko/Cappio Decl. at ¶ 42.  The only certainty was that Plaintiffs' Counsel would not get paid without a successful result, and success required significant investments of time and expense.  *Id*.  Absent this Settlement, Plaintiffs, the Settlement Class, and their counsel risked obtaining no recovery at all.  *Id*.  P&G Companies have never conceded liability, the appropriateness of class certification, or the availability of damages.  In the face of this risk, Plaintiffs' Counsel obtained an excellent result on behalf of the Settlement Class.

Moreover, Lead Class Counsel's work is not yet done.  Lead Class Counsel still need to: (1) prepare for and attend the final approval hearing; (2) research, draft, and prepare any additional submissions requested by the Court; (3) address any disputed claims and monitor claims and payments to the Settlement Class; (4) assist Class Representatives and Settlement Class Members with their inquiries; (5) handle any resulting appeals; (6) complete the litigation and implementation of the Settlement; and (7) disburse Representative Plaintiff Awards and Plaintiffs' Counsel's fees and expenses.

This was no garden variety consumer class action.  Had this Settlement not been achieved, complex factual and legal questions would have continued to be the subject of dispute and debate for years to come.  Lead Class Counsel expeditiously negotiated a first-rate Settlement and increased the information available to consumers and pediatricians.  The public interest is well served by compensating Plaintiffs' attorneys for their commitment to serving the class with dedication and achieving meaningful relief for the class in a timely manner.

14

### 4.    Incentive to Undertake Similar Litigation

In the spirit of compromise, Plaintiffs' Counsel have agreed to accept considerably less than their lodestar, but any further reduction would be against public policy and create a disincentive for counsel to undertake cases that protect consumers.  "Absent adequate compensation, counsel will not be willing to undertake the risk of contingent fee class action litigation." *Wess v. Storey*, 2:08-CV-623, 2011 WL 1463609 (S.D. Ohio Apr. 14, 2011).  The "Court must ensure that class counsel are fairly compensated for the amount of work done and the results achieved." *Id*. citing *Rawlings v. Prudential–Bache Props., Inc.*, 9 F.3d 513, 516 (6th Cir. 1993).

### 5.    Skill of Counsel

As stated above, Plaintiffs were represented by skilled and experienced counsel.  Keller Rohrback L.L.P. has litigated hundreds of class action cases during the past 20 years, and has successfully recovered over $4 billion for the benefit of victims of price fixing conspiracies, securities fraud, breaches of fiduciary duties, and deceptive practices.  Sarko/Cappio Decl. at ¶ 45.  The other Plaintiffs' firms involved were similarly skilled and experienced, and it was only because of this skill and experience that Plaintiffs obtained a favorable resolution despite the strong opposition of well-funded opponents and the lack of supportive findings by the Consumer Product Safety Commission.

### 6.    The Mediator's Recommendation

In determining the reasonableness of the attorneys' fee award, in addition to the factors above, the Court should also consider that the Parties agreed to the recommendation of the Mediator in reaching the agreement regarding attorneys' fees.  *In re UnitedHealth Group Inc. S'holder Derivative Litig.*, 631 F. Supp. 2d 1151, 1156 (D. Minn. 2009) (holding that "whether a skilled mediator was involved" in a class settlement may be considered by the district court in

determining whether the settlement is fair); *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029 (9th Cir. 1998) (holding that district court did not err in relying on the fact that the parties accepted the mediator's fee recommendation as "independent confirmation that the fee was not the result of collusion or a sacrifice of the interests of the class"). After aiding the Parties in the negotiation of the principal terms of the Settlement and hearing from both sides on fees and expenses, the Mediator made a recommendation regarding attorneys' fees and expenses based on discussions with counsel and his extensive involvement in the matter. Sarko/Cappio Decl. at ¶¶ 17-18. Given that the Parties accepted the recommendation of the Mediator, an experienced, neutral third party, with respect to attorneys' fees and expenses, further demonstrates the reasonableness of the proposed attorneys' fee award.

## IV. REPRESENTATIVE PLAINTIFF AWARDS FOR CLASS REPRESENTATIVES

Plaintiffs respectfully request that the Court approve Representative Plaintiff Awards of $1,000 for each affected child of a Class Representative. *See* Sarko/Cappio Decl., ¶ 26-27. Incentive awards are typical in class action cases. *Lonardo v. Travelers Indem. Co.*, 706 F. Supp. 2d 766, 787 (N.D. Ohio 2010) (finding that incentive awards are justified for active participation in case); *see also Brotherton v. Cleveland*, 141 F. Supp. 2d 907, 913 (S.D. Ohio 2001) (awarding incentive award to Class Representatives and noting that courts order these awards to compensate Class Representatives for their "instrumental" role in class action cases). A court has discretion to approve incentive awards based on, inter alia, the amount of time and effort spent, the duration of the litigation, and the personal benefit (or lack thereof) achieved as a result of the litigation. *See Van Vraken v. Atl. Richfield Co.*, 901 F. Supp. 294, 299 (N.D. Cal. 1995).

Here, the Class Representatives have spent a significant amount of time litigating this Action. Sarko/Cappio Decl., ¶ 53. Among other things, they assisted Plaintiffs' Counsel in

gathering facts for this action and reviewing pleadings and discovery. *Id.* Furthermore, the

Representative Plaintiff Awards are in line with or modest compared with incentive awards in

other cases. *See In re Dun & Bradstreet Credit Servs. Customer Litig.*, 130 F.R.D. 366, 376

(S.D. Ohio 1990) (awarding a total of $215,000 distributed to five named plaintiffs); *Lonardo*,

706 F. Supp. 2d at 787 (awarding $5,000). The Class Representatives had to waive their right to

a personal injury action as well as any right to bring a class action where the lawsuit would

claims that were or could have been brought in this action,[7] further justifying the award. Finally,

P&G Companies agreed to pay these Representative Plaintiff Awards, separate and apart from

the relief provided to the Settlement Class, and payment of same will not reduce or otherwise

impact any monetary or other benefit provided to the Settlement Class.

The Class Representatives' efforts and time should be recognized. Thus, Plaintiffs

respectfully request that the Court approve these modest Incentive Awards.

## V. CONCLUSION

For the foregoing reasons, Plaintiffs' Counsel respectfully requests that the Court grant

Plaintiffs' motion for an award of attorneys' fees, reimbursement of expenses and incentive

award payments.

DATED this 26th day of August, 2011.

KELLER ROHRBACK L.L.P.

s/ Gary D. Greenwald
Gary D. Greenwald   0024480
KELLER ROHRBACK L.L.P.
3101 North Central Avenue, Suite 1400
Phoenix, AZ 85012
*Trial Attorney for Plaintiffs*

---

[7] Dkt. # 54-2 at 25.

17

s/ Gretchen Freeman Cappio

Lynn Lincoln Sarko, *Pro Hac Vice*
lsarko@kellerrohrback.com
Gretchen Freeman Cappio, *Pro Hac Vice*
gcappio@kellerrohrback.com
KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101
Tel: (206) 623-1900 / Fax: (206) 623-3384
**Lead Class Counsel**

Michael D. Woerner, *Pro Hac Vice*
mwoerner@kellerrohrback.com
Gretchen S. Obrist, *Pro Hac Vice*
gobrist@kellerrohrback.com
Harry Williams IV, *Pro Hac Vice*
hwilliams@kellerrohrback.com
KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101
Tel: (206) 623-1900 / Fax: (206) 623-3384

David S. Preminger, *Pro Hac Vice*
dpreminger@kellerrohrback.com
KELLER ROHRBACK L.L.P.
770 Broadway, 2nd Floor
New York, NY 10003
Tel: (646) 495-6198 / Fax: (646) 495-6197

Mark D. Samson, *Pro Hac Vice*
msamson@kellerrohrback.com
KELLER ROHRBACK P.L.C.
3101 North Central Avenue, Suite 1400
Phoenix, AZ 85012
Tel: (602) 248-0088 / Fax: (602) 248-2822
**Interim Lead Counsel for Plaintiffs**

**OTHER PLAINTIFFS' COUNSEL:**

Donald S. Varian, Jr. 0013027
varianlaw@aol.com
195 South Main Street, Suite 400
Akron, OH 44308
Tel: (330) 434-4100 / Fax: (330) 434-4110

18

Todd S. Collins
tcollins@bm.net
Neil F. Mara
nmara@bm.net
Elizabeth Fox
efox@bm.net
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA 19103-6365
Tel: (215) 875-3000 / Fax: (215) 875-4604

Joseph C. Kohn
jkohn@kohnswift.com
George S. Croner
gcroner@kohnswift.com
Craig W. Hillwig
chillwig@kohnswift.com
KOHN, SWIFT & GRAF, P.C.
One South Broad Street, Suite 2100
Philadelphia, PA  19107
Tel: (215) 238-1700 / Fax: (215) 238-1968

Christina Donato Saler
cdsaler@chimicles.com
CHIMICLES & TIKELLIS, LLP
361 W. Lancaster Avenue
Haverford, PA 19041
Tel: (610) 642-8500

Gerard V. Mantese
gmantese@manteselaw.com
David Honigman
dhonigman@manteselaw.com
David Hansma
dhansma@manteselaw.com
MANTESE, HONIGMAN, ROSSMAN AND
WILLIAMSON, P.C.
1361 E. Big Beaver Road
Troy, MI  48083
Tel: (248) 457-9200 / Fax: (248) 457-9201

Thomas M. Mullaney
tmm@mullaw.org
LAW OFFICES OF THOMAS M. MULLANEY
275 Madison Avenue, 37th Floor
New York, NY  10016
Tel: (212) 223-0800 / Fax: (212) 661-9860

Daniel E. Gustafson
dgustafson@gustafsongluek.com
Karla M. Gluek
kgluek@gustafsongluek.com
Amanda M. Williams
awilliams@gustafsongluek.com
GUSTAFSON GLUEK PLLC
650 Northstar East
608 Second Avenue South
Minneapolis, MN  55402
Tel: (612) 333-8844 / Fax: (612) 339-6622

Richard J. Arsenault
rarsenault@nbalawfirm.com
Laura Singletary
lsingletary@nbalaw.com
Mary Nell Bennett
mnbennett@nbalaw.com
NEBLETT, BEARD & ARSENAULT
2220 Bonaventure Court
P.O. Box 1190
Alexandria, LA  71309-1190
Tel: (318) 487-9874 / Fax: (318) 561-2591

Nicholas J. Drakulich
njd@draklaw.com
THE DRAKULICH FIRM, A PROFESSIONAL
LAW CORPORATION
2727 Camino Del Rio South, Suite 322
San Diego, CA  92108
Tel: (858) 755-5887 / Fax: (858) 755-6456

Joseph F. Devereux, Jr.
jfdevereuxjr@devereusmurphy.com
Joseph F. Devereux, III
jfdiii@devereuxmurphy.com
DEVEREUX MURPHY LLC
The Plaza at Clayton
190 Carondelet, Suite 1100
St. Louis, MO  63105
Tel: (314) 721-1516 / Fax: (314) 721-4434

Dianne M. Nast
dnast@rodanast.com
RODANAST, P.C.
801 Estelle Drive
Lancaster, PA  17601
Tel: (717) 892-3000 / Fax: (717) 892-1200

David S. Corwin
dcorwin@shercorwin.com
Amanda Sher
asher@shercorwin.com
SHER CORWIN, LLC
190 Carondelet Plaza, Suite 1100
Clayton, MO  63105
Tel: (314) 721-5200 / Fax: (314) 721-5201

J. Gordon Rudd, Jr.
Gordon.rudd@zimmreed.com
Charles S. Zimmerman
Charles.zimmerman@zimmreed.com
Elizabeth A. Peterson
Elizabeth.peterson@zimmreed.com
Timothy J. Becker
Timothy.becker@zimmreed.com
ZIMMERMAN REED, P.L.L.P.
651 Nicollet Mall, Suite 501
Minneapolis, MN  55402
Tel: (612) 341-0400 / Fax: (612) 341-0844

Mila F. Bartos
mbartos@finkelsteinthompson.com
Karen J. Marcus
kmarcus@finkelsteinthompson.com
FINKELSTEIN THOMPSON LLP
1050 - 30th Street, NW
Washington,, D.C. 20007
Tel: (202) 337-8000 / Fax: (202) 337-8090

Peter H. Weinberger
pweinberger@spanglaw.com
Stuart E. Scott
sscott@spanglaw.com
SPANGENBERG SHIBLEY & LIBER LLP
1001 Lakeside Avenue East, Suite 1700
Cleveland, OH 44114
Tel: (216) 696-3232 / Fax: (216) 696-3924

Hassan A. Zavareei
hzavareei@tzlegal.com
Jonathan Tycko
jtycko@tzlegal.com
Jeffrey Kaliel
jkaliel@tzlegal.com
TYCKO & ZAVAREEI LLP
2000 L Street, NW, Suite 808
Washington, DC 20036
Tel: (202) 973-0900 / Fax: (202) 973-0950

J. Edward Bell, III
ebell@edbelllaw.com
J. Ryan Heiskell
rheiskell@edbelllaw.com
BELL LEGAL GROUP, LLC
232 King Street
Georgetown, SC 29442
Tel: (843) 546-2408 / Fax: (843) 546-9604

T. Ryan Langley
rlangley@hodgelawfirm.com
HODGE & LANGLEY LAW FIRM, P.C.
229 Magnolia St.
Spartanburg, SC 29306
Tel: (864) 585-3873 / Fax: (864) 585-6485

## <u>CERTIFICATE OF SERVICE</u>

I, the undersigned, hereby certify that on August 26, 2011, I electronically filed the following with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all parties so registered.

1. Plaintiffs' Motion and Memorandum for Attorneys' Fees, Reimbursement of Expenses and Representative Plaintiff Award Payments;

2. Declaration of Lynn Lincoln Sarko and Gretchen Freeman Cappio in Support of Plaintiffs' Motion for Attorneys' Fees, Reimbursement of Expenses and Representative Plaintiff Award Payments;

3. The following Declarations in Support of Plaintiffs' Firms' Requests for Attorneys' Fees and Reimbursement of Expenses:

   Declaration of J. Ryan Heiskell;

   Declaration of Todd S. Collins;

   Declaration of Joseph F. Devereux, Jr.;

   Declaration of Mila F. Bartos;

   Declaration of Daniel E. Gustafson;

   Declaration of Charles J. Hodge;

   Declaration of Lynn Lincoln Sarko and Gretchen Freeman Cappio;

   Declaration of Craig W. Hillwig;

   Declaration of Gerard Mantese;

   Declaration of Thomas M. Mullaney;

   Declaration of Richard J. Arsenault;

   Declaration of Dianne M. Nast;

   Declaration of David S. Corwin;

   Declaration of Stuart E. Scott;

   Declaration of Jonathan K. Tycko;

   Declaration of Donald S. Varian; and

   Declaration of Gordon Rudd Jr.;

4. Proposed Order Granting Plaintiffs' Motion for Attorneys' Fees, Reimbursement of Expenses and Representative Plaintiff Award Payments

I also hereby certify that I have mailed by first class U.S. Mail postage pre-paid, the documents to the following non-CM/ECF parties:

Robert Foster, Jr.
Nelson Mullins Riley & Scarborough LLP
1330 Lady Street
PO Box 11070
Columbia, SC 29211-1070

Edward Han
Howrey & Simon
1299 Pensylvania Avenue NW
Washington, DC 20004

Gurbir S. Grewal
HOWREY LLP
153 EAST 53RD STREET
54th Floor
New York, NY 10022

I certify under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

Dated:  August 26, 2011

s/ Gretchen Freeman Cappio