FILED
JAMES BONINI
CLERK

11 SEP -1 PM 12: 39

U.S. DIST...
...ERN D...
...RN C...

IN THE UNITED STATES DISTRICT COURT
FOR SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

IN RE DRY MAX PAMPERS LITIGATION : CASE NO. 1:10-CV-00301

: (Judge Timothy S. Black)

: OBJECTION TO SETTLEMENT

:

## OBJECTON TO SETTLEMENT

As a member of this class action, I believe it should not be approved. The class members do not get anything in exchange for releasing their claims, while the class action lawyers stand to receive $2.73 million. The supposed "injunctive relief" offered by the defendants *in the future* does not provide anything to the class members who were ripped off *in the past* by the defendants' defective products. The only monetary benefit in the settlement is the money being paid to the class action lawyers. This amount should either be paid to the class members as well, or the class action lawyers should be satisfied with the "injunctive relief" and not receive any monetary award (just as class members are expected to do). It is also troubling that the defendants have agreed in advance not to oppose the class action lawyers' request for fees. This gives the impression of collusive conduct.

The settlement should also be denied based on the proposed incentive award payments to the class representatives. Under the agreement, each class representative will receive $1,000.00 "for each affected child." There appears to be 59 class representatives, which means an incentive award of at least $59,000.00. It is simply unfair for these 59 class members to be treated so unequally to the rest of the class. It is unclear what these 59 individuals did to deserve an award so out of proportion to the rest of the class. Also, there is no indication of what is meant by the stipulation in the settlement that each class representative will receive

2

$1,000.00 for each affected child. There is no information offered to class members about how many "affected" children each class members has. This is important for the class members and the Court to know in considering the appropriateness of the settlement. For example, if each class representative has two affected children, the payment to representatives will be nearly $120,000.00. At this amount, the settlement is even more unfair to the class members who receive zero under the settlement.

The settlement is also inappropriate because the defendants are only required to provide certain notices to consumers for a very limited time period. For instance, the defendant only have to provide a "warning" (basically, a 1-800 phone number) on its packaging for 24 months. To the extent this "warning" is appropriate at this point, it is appropriate in the future so long as the defendants continue to offer the same defective diapers to consumers. There should not be a two-year limit on the time the defendants should warn consumers. In addition, allowing the defendants two years to even offer the "warning" is nonsense. They should begin offering warning immediately, not two years from now. These same problems exist with respect to the defendants' website posts about diaper rash. This waning should be posted to their websites immediately (not 30 days after the settlement), and the warning should stay on the websites for as long as these particular diapers are offered to consumer (not just for two years).

The settlement should be clarified to inform class members of the identity of the "leading children's health center" for whom a pediatric resident training is supposed to be established. Particularly, class members should know *who* is going to select the center that will receive the funds and whether that institution has ties to the defendants such that the creation of a training program will simply serve as a marketing opportunity for the defendants.

3

Without this information, class members are unable to make an informed decision about whether to oppose or support the settlement.

Lastly, the settlement should be denied because the offer of a money-back guarantee is only for future purchasers of the products. It is not retroactive to cover the class members in this case. The settlement should certainly provide a money-back guarantee for class members so they can at least recover something in this case. Instead, only non-class members who purchase these diapers in the future receive a money-back guarantee. As it is proposed in this settlement, a money-back guarantee is merely a marketing tool for the defendants that will surely increase its sales, not punish for its wrongdoing in this case. This purported relief is no relief at all to class members.

Since the settlement is unfair to class members and only benefits the class action lawyers and the defendants, it should be denied.

Respectfully,

Donald K. Nage
1000 Suffolk Court
Cedar Park, TX 78613
**(512) 569-3232**

4

**CERTIFICATE OF SERVICE**

This is to certify that this document was sent to the following counsel of record by certified mail on 8/29/2011.

Dry Max Pampers Notice Administrator c/o GCG, Inc. P.O. Box 9734 Dublin, OH 43017-5634

Office of the Clerk
Potter Stewart U.S. Courthouse
Room 103
100 East Fifth Street
Cincinnati, OH 45202

Lynn Lincoln Sarko
Gretchen Freeman Cappio
KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101

D. Jeffrey Ireland
FARUKI IRELAND & COX P.L.L.
201 East Fifth Street, Suite 1420
Cincinnati, OH 45202

Donald K. Nace

5