JAMES BONNI
CLERK

11 SEP -8 PM 12: 00

U.S. DISTRICT COURT
SOUTHERN DIST. OH
WESTERN DIVISION

## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| IN RE DRY MAX PAMPERS LITIGATION | NO. 1:10-CV-00301-TSB |

## OBJECTIONS TO PLAINTIFFS' MOTION FOR ATTORNEYS' FEES

To The Honorable District Judge:

COMES NOW, Bonner Walsh, ("Objector"), and files these Objections to the Plaintiffs' Motion for Attorneys' Fees, Doc. 57, and would show as follows:

### I. Incorporation of Objection

Objector hereby incorporates his objections to the Settlement, Doc. 62, as if set forth at length.

### II. Objections to an Award of Attorneys' fees

Objector objects to the request for attorneys' fees for the following reasons.

#### A. The abysmal recovery here does not justify the fee

As shown in Objector's objections to the settlement, Class Counsel brought a claim to recover monetary damages for class members for past purchases. They achieved 0% of their goal. Stated another way, their result was a 100% failure. That they would even request $2.73 million for their utter and complete failure in obtaining the relief they sought in the Complaint is exactly why commentators and the public have such a dim view of class actions.

Had the settlement not included such an exorbitant fee, perhaps the Defendant would have provided some real relief to class members. Class Counsel supports their request by arguing that fees are not coming from the benefits being provided to the class. Doc. 57, p. 6 "The award of attorneys' fees and expenses is separate and apart from and will not affect the Class relief, removing any suggestion of collusion." In reality, the fees are, because Defendant was willing to pay that money to settle the case, and if Class Counsel had not grabbed it for themselves, then the money could have been used to benefit class members.

But more importantly, such an argument shines a light on how this is an unfair, unreasonable and inadequate settlement. The fees are not coming from money to be paid to class members, *because there is no money to be paid to class members*! In other words, the justification for the fee is that there is no money going to class members, rewarding Class Counsel for failing to obtain monetary relief for the class. Acceptance of such an argument would give Class Counsel an incentive to do exactly what was done here – deny any monetary benefit to the class members.

1

Class Counsel erroneously claim they achieved the result requested in the Complaint:

> The Settlement Agreement gives the Plaintiff Class **most of the relief requested in the Consolidated Complaint**: injunctive relief to help ensure that parents do not have to watch their children suffer unnecessarily because of lack of information about problems associated with the Dry Max Pampers.

Doc. 57, p. 9 (emphasis added). That statement is blatantly false. First, as shown in Objector's objections, the Complaint does *not* request injunctive relief. It requests damages, and there are no damages being paid to class members here. Indeed, the Complaint does not even seek Rule 23(b)(2) certification of an injunctive class. Second, nothing in the Complaint refers to parents having "to watch their children suffer unnecessarily because of lack of information." Instead, the Complaint was about *not* seeing their children suffer because they *discarded* the diapers:

> This class action is brought by Plaintiffs ("Class Representatives") individually and on behalf of all persons in the United States who purchased or acquired (including by gift) ("Class Members") Pampers brand diapers or "Easy Ups" containing "Dry Max" technology ("Dry Max Pampers"), and **who discarded or ceased using the Dry Max Pampers because of concerns about health effects** including, but not limited to: severe rashes, blisters, welts, bleeding, oozing, chemical burns, infections, sores, scarring and/or other ailments linked to the Dry Max Pampers.

Doc. 25, ¶ 1, p. 2 (emphasis added). The class they sought to certify is not parents who "watched their children suffer unnecessarily because of lack of information," they sought to certify a class of parents:

> who discarded or ceased using the Dry Max Pampers because of concerns about health effects … .

Complaint ¶ 151. Third, nowhere in the Complaint is there any allegation about parents having "to watch their children suffer unnecessarily because of lack of information." The allegation that they achieved "most of the relief requested in the Consolidated Complaint" is undeniably false.

Class Counsel got bolder later in their brief. While at page 9 they alleged they obtained "most of the relief requested," at page 11 they claim to get *all* of what they request. Doc. 57, p. 11("the Plaintiff Class got the relief they requested..."). Really? Here is a table comparing their requested relief with what they "got:"

2

| Requested relief in prayer (Doc. 25, p. 205-206) | Did they get it? |
|---|---|
| Require that P&G Companies ensure that the Dry Max Pampers lack the capacity to cause severe rashes, … | No |
| Require P&G Companies to submit product testing results on a regular basis … | No |
| Award damages to Plaintiffs and members of the Classes for medical expenses | No |
| Award costs to Plaintiffs and members of the Classes for appropriate treatment for those who experience the severe rashes | No |
| Award damages to Plaintiffs and members of the Classes for payments, in whatever form, rendered for the worthless Dry Max Pampers | No |
| Declare the conduct of P&G Companies as alleged herein to be unlawful | No |
| Grant Class Members awards of actual, compensatory, treble, punitive and/or exemplary damages … | No |
| Grant Class Members their costs of suit, including reasonable attorneys' fees, costs, and expenses … | Yes, *but every penny of the relief goes to Class Counsel* |
| Grant Class Members both pre-judgment and post-judgment interest | No |

Whether the standard is "most" of the requested relief or all of the requested relief, Class Counsel's claim is clearly false. Other than a fat paycheck for themselves, Class Counsel obtained *none* of the requested relief. As such, the Court should completely deny the request. Alternatively, the Court should substantially reduce the fee award.

Further, as shown in Objector's Objections, that actual "relief" is of virtually no value to the class. A notice on the product that consumers can obtain information on the internet about diaper rash is something virtually all parents already know. It is not surprising that, as related in Class Counsel's declaration, the only real contested issue in the negotiations was the attorney's fees – that is the only real benefit Defendant is giving up in the settlement.

3

Since Class Counsel obtained none of the relief requested for class members, and the relief they did obtain is of virtually no value to the class, the Court should deny the request for fees, or in the alternative, substantially reduce any award.

## B.  Lack of time records

Class counsel have provided only summary reports of the hours allegedly spent.  They have wholly failed to meet their burden of proof regarding detailed time records:

> This court held in *Perotti v. Seiter,* 935 F.2d 761, 764 (6th Cir.1991), that the party seeking fees has "the burden of providing for the court's perusal a particularized billing record."

*Imwalle v. Reliance Med. Products, Inc.,* 515 F.3d 531, 553 (6th Cir. 2008).  In addition, the Court should exclude all time that is excessive, duplicative, or on a losing issue, but it is impossible for class members or the court to do so based on the purely summary time records provided.  Each time record simply summarizes the total hours spent and the hourly rate of each person.  The actual tasks are not identified.

## C.  The total claimed hours is excessive on its face

In a case that was litigated for less than a year, with very few contested motions, Class Counsel claims 9063 total hours.  That is excessive on its face.  Of course, given the lack of time records, class members have no way to review the reasonableness of the alleged hours.  The Court should require Class Counsel to provide better details of the alleged hours spent and then give class members sufficient time to review that information.

## III. Prayer

Regarding the proposed class settlement, the Court is limited to a single decision:  approve or disapprove the settlement. *Evans v. Jeff D.,* 475 U.S. 717, 726-727 (1986).  The Court may not amend the settlement. *Id.*  Thus, Objector prays that the Court disapprove the settlement and deny the motion to certify.

If the Court nevertheless approves the settlement, Objector prays that the Court deny the requested fees to Class Counsel.

Objector further prays that the Court grant Objector such other and further relief as to which Objector may be entitled

Bonner C. Walsh
904 Mission Avenue
Athens, Texas 75751
Bonner.walsh@mac.com
903-780-1155

### Certificate of Service

I hereby certify that a copy of the above and foregoing document has been served upon all counsel of record as well as the Court on September 7, 2011, as follows:

**FEDERAL EXPRESS**
Office of the Clerk
Potter Stewart U.S. Courthouse
100 East Fifth Street, Room 103
Cincinnati, OH 45202

**CERTIFIED MAIL, Return Receipt Requested**
**No. 70091680000145513752 and REGULAR MAIL**
Dry Max Pampers Notice Administrator
c/o GCG, Inc.
P. O. Box 9734
Dublin, OH 43017-5634

**FEDERAL EXPRESS**
**and REGULAR MAIL**
Lynn Lincoln Sarko
Gretchen Freeman Cappio
KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101
**Lead Class Counsel**

**FEDERAL EXPRESS**
**and REGULAR MAIL**
D. Jeffrey Ireland
FARUKI IRELAND & COX P.L.L.
201 East Fifth Street, Suite 1420
Cincinnati, OH 45202
**Procter & Gamble's Counsel**

Bonner Walsh

5