UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

IN RE DRY MAX PAMPERS LITIGATION   )    No. 1:10-cv-00301-TSB
                                         )
                                         )    The Honorable Timothy S. Black
                                         )

**PLAINTIFFS' RESPONSE TO OBJECTIONS TO MOTION FOR ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES AND REPRESENTATIVE PLAINTIFF AWARD PAYMENTS**

## TABLE OF CONTENTS

I.   INTRODUCTION ........................................................................................................ 1

   A.   PLAINTIFFS' FEE PETITION EASILY WITHSTANDS THE
        OBJECTORS' ARGUMENTS ............................................................................ 3

   B.   JUDGE PHILLIPS' RECOMMENDATION IS REASONABLE
        BASED ON THE SUCCESSFUL PROSECUTION OF THE
        LITIGATION BY CLASS COUNSEL ................................................................ 4

   C.   THE RELIEF OBTAINED JUSTIFIES THE FEE AWARD ............................. 8

        1.   The Settlement Provides Useful Information to Class
             Members ................................................................................................ 9

        2.   The Objectors Misapprehend or Distort the Terms of the
             Settlement ............................................................................................ 11

   D.   The Time Records Are Sufficient ....................................................................... 13

   E.   The Representative Plaintiff Awards Are Appropriate ...................................... 17

II.  CONCLUSION ........................................................................................................... 18

# TABLE OF AUTHORITIES

**Cases**

*Bailey v. AK Steel Corp.*,
    No. 06-468, 2008 WL 553764 (S.D. Ohio Feb. 28, 2008) .................................................... 6

*Hanlon v. Chrysler Corp.*,
    150 F.3d 1011 (9th Cir. 1998) ............................................................................................... 6

*Hensley v. Eckerhart*,
    461 U.S. 424 (1983) ................................................................................................. 6, 15, 16

*Imwalle v. Reliance Med. Prods., Inc.*,
    515 F.3d 531 (6th Cir. 2008) ........................................................................................ 13, 15

*In re Aqua Dots*,
    No. 10-3847, 2011 WL 3629723 (7th Cir., Aug. 17, 2011) .......................................... 16, 17

*In re Bluetooth Headset Prods. Liab. Litig.*,
    No. 09-56683, 2011 WL 3632604 (9th Cir. Aug. 19, 2011) .................................. 12, 13, 16

*In re CMS Energy ERISA Litig.*,
    No. 2006 WL 2109499 (E.D. Mich. June 27, 2006).............................................................. 14

*In re Corrugated Container Antitrust Litig.*,
    643 F.2d 195 (5th Cir. 1981) .............................................................................................. 11

*In re Dun & Bradstreet Credit Servs. Customer Litig.*,
    130 F.R.D. 366 (S.D. Ohio 1990) ....................................................................................... 12

*In re Nationwide Fin. Servs. Litig.*,
    08-0249, slip op. at 22 (S.D. Ohio, Aug. 19, 2009)............................................................. 2

*In re UnitedHealth Grp. Inc. S'holder Derivative Litig.*,
    631 F. Supp. 2d 1151 (D. Minn. 2009)................................................................................. 6

*In re Wal-Mart Wage and Hour Emp't Practices Litig.*,
    No. 06-0225, 2011 WL 887556 (D. Nev. July 2, 2010) ....................................................... 5

*In re: Initial Pub. Offering Secs. Litig.*,
    728 F. Supp. 2d 289 (S.D.N.Y. 2010)................................................................................. 15

*Lonardo v. Travelers Indem. Co.*,
    706 F. Supp. 2d 766 (N.D. Ohio 2010)........................................................................... 7, 16

*Ousley v. Gen. Motors Ret. Program for Salaried Emps.*,
    496 F. Supp. 2d 845 (S.D. Ohio 2006) ................................................................................. 7

*Patterson v. Stovall*,
    528 F.2d 108 (7th Cir. 1976) ........................................................................... 11

*Perdue v. Kenny A.*,
    130 S. Ct. 1662 (2010) ..................................................................................... 7

*Rawlings v. Prudential-Bache Props., Inc.*,
    9 F.3d 513 (6th Cir. 1993) ......................................................................... 2, 4, 5

*Thompson v. Midwest Found. Indep. Physicians Ass'n*,
    124 F.R.D. 154 (S.D. Ohio 1988) ................................................................. 12

**Rules**

Fed. R. Civ. P. 23(h) ................................................................................................ 6

**Other Authorities**

A.L.I. *Principles of the Law of Aggregate Litig.*, § 3.13(c) (2010) ......................... 4, 15

MANUAL FOR COMPLEX LITIGATION (Fourth) § 21.71 (2004) ...................................... 7

## I.    INTRODUCTION

Plaintiffs, by and through Lead Class Counsel,[1] oppose the Objections of Daniel Greenberg, Bonner Walsh, and Donald K. Nace.[2] Plaintiffs' Motion for Attorneys' Fees, Reimbursement of Expenses and Representative Plaintiff Award Payments (Dkt. # 57, August 26, 2011) (hereinafter "Plaintiffs' Motion for Attorneys' Fees") should be granted because it is reasonable, supported by the actual relief Class Counsel achieved on behalf of the class, and because it was a "sum certain" recommendation by the neutral mediator, the Honorable Layn Phillips, a former federal judge. The Objections of Greenberg and Walsh do not represent genuine objections to the Settlement or to its provisions regarding Attorneys' fees; instead, they rehash arguments that these professional objectors generally make in their practice of objecting to class action settlements.[3] Attention to the actual language of the Settlement Agreement here conclusively refutes these rote objections.[4]

Sixth Circuit precedent overwhelmingly supports the award of attorneys' fees here. In addition, three facts, ignored by the objectors, provide irrefutable support for awarding Plaintiffs' fee request.

*First*, the fee award is the mediator's recommendation as to the reasonable fee and cost award in this case. The mediator here, Judge Phillips, is a former federal district court judge who frequently assists courts in resolving fee issues. While objectors Greenberg and Walsh consistently oppose fee awards in class actions, either for their own benefit or to conform to their

---

[1] The Court named Lynn Lincoln Sarko and Gretchen Freeman Cappio of Keller Rohrback L.L.P. as Lead Class Counsel. Order Preliminarily Approving Class Action Settlement at ¶ 5 (Dkt. # 55, Jun 7, 2011).

[2] Objection of Daniel Greenberg (Dkt. # 60, August 29, 2011) (hereinafter "Greenberg Objection"); Objections Regarding Proposed Settlement (by Bonner Walsh) (Dkt. # 62, August 29, 2011) (hereinafter "Walsh Settlement Objection"); Objections to Plaintiffs' Motion for Attorneys' Fees (by Bonner Walsh) (Dkt. # 66, September 8, 2011) (hereinafter "Walsh Fees Objection").

[3] The Objection to Settlement by Objector Donald K. Nace (Dkt. # 63, September 1, 2011) (hereinafter "Nace Objection"), is apparently sincere, but based on a misunderstanding of the terms of the Settlement and the legal standards applied to the Settlement, as discussed below.

[4] Settlement Agreement and Release (Dkt. # 54-2, May 27, 2011) (hereinafter "Settlement Agreement").

policy preference against class actions, Judge Phillips – with vast experience in nationwide class action litigation – recommended the fee amount here based on the efforts of Class Counsel, the legal and factual arguments made during mediation, his review and observation of the legal work performed, and his judgment of what was an appropriate fee award given the complexity of the case.

*Second*, the absence of genuine, concerned class member objections demonstrates that this Settlement achieves significant relief for the Class, relief that more than justifies the award of attorneys' fees.  The fee award is far below counsel's presumptively reasonable lodestar, and it meets all Sixth Circuit requirements for reasonableness.  As Judge Watson of this District recently recognized in awarding plaintiffs' attorneys' fees in *In re Nationwide Fin. Servs. Litig.*, "The Court must ensure that class counsel are fairly compensated for the amount of work done and the results achieved.  *Rawlings v. Prudential-Bache Props., Inc*., 9 F.3d 513, 516 (6th Cir. 1993).  The core inquiry is whether an award is reasonable under the circumstances.  *Id*. at 517." *In re Nationwide Fin. Servs. Litig.,* at 08-0249, slip op. at 22 (S.D. Ohio, Aug. 19, 2009).  Accordingly, in light of the circumstances presented in this science-driven, complex litigation, this Court should reject the professional objectors' abstract and philosophical opposition to the case and Settlement.

*Third,* this is large-scale, complex litigation.  The staggering array of factual and legal issues were difficult and time-consuming to investigate, to research, to litigate, and to bring to a reasonable conclusion through Settlement.  Moreover, Lead Class Counsel[5] received (and returned) over 700 calls, letters, faxes, and emails from concerned parents, not to mention its

---

[5] Of course, additional Class Counsel received numerous calls and emails, as well.

painstaking review of the analysis and findings of the Consumer Product Safety Commission

(CPSC) and Health Canada and work with science and medical experts.

From the start, the Parties recognized this was a science-intensive case, and anticipated

testimony from experts in statistics, pediatric medicine, pediatric dermatology, toxicology,

manufacturing and design, consumer behavior, and damages. Rule 26(f) Report at 4 (Dkt. # 27,

September 22, 2010). The CPSC's review of the issue similarly referenced chemistry,

toxicology, pediatric medicine, and other areas of research that were required for its

investigation. Press Release, U.S. Consumer Product Safety Commission, No Specific Cause

Found Yet Linking Dry Max Diapers to Diaper Rash (September 2, 2010)

http://www.cpsc.gov/cpscpub/prerel/prhtml10/10331.html (last visited September 16, 2011)

(hereinafter "CPSC Press Release"). Plaintiffs reviewed over 20 Dry Max-related patents, each

very lengthy and filled with hyper-technical language about diapers and chemicals, and

consulted with specialists with technical expertise to evaluate the patents and determine which

parts were relevant to the case. After identifying various substances from a review of the patents

and in consultation with experts, Plaintiffs engaged two analytical laboratories to test various

substances listed in the patents as possible causes of the rashes. Overseeing this extensive client

and scientific work was in addition to the strenuous legal work required in a complex, high-

stakes, national consumer case such as this.

## A.  PLAINTIFFS' FEE PETITION EASILY WITHSTANDS THE OBJECTORS' ARGUMENTS

Plaintiffs' Motion for Attorneys' Fees spent eight pages explaining the factors courts

consider under Sixth Circuit precedent. Plaintiffs' Motion for Attorneys' Fees at 8-16. Walsh

and Greenberg fail to engage with Plaintiffs' arguments and barely cite Sixth Circuit law at all.

This is particularly instructive regarding Walsh, who specifically asked for an opportunity for

additional briefing on Plaintiffs' Motion and then failed in his supplemental brief to address Plaintiffs' arguments or Sixth Circuit law.  Walsh Fees Objection.

The objectors similarly fail to engage with, much less refute, the presumption of reasonableness of Plaintiffs' request for an ever-shrinking *fraction* of their lodestar.  Moreover, although they do not cite it as authority, the objectors do not reveal that the American Law Institute's Principles of the Law of Aggregate Litigation recognizes that the lodestar method is appropriate in cases, such as this one, where injunctive relief is granted.  A.L.I. *Principles of the Law of Aggregate Litig.* § 3.13(c).  Finally, the objectors fail to justify ignoring the neutral mediator's recommendation for attorneys' fee and reimbursement of expenses here.

The objectors' complete failure to address Plaintiffs' pleadings is indicative of their general opposition to class actions and attorneys' fee awards, rather than a concrete engagement with the facts of this case or the law of this Circuit.  Their objections should be rejected.

**B.      JUDGE PHILLIPS' RECOMMENDATION IS REASONABLE BASED ON THE SUCCESSFUL PROSECUTION OF THE LITIGATION BY CLASS COUNSEL**

Judge Phillips' Declaration, (Declaration of the Honorable Layn R. Phillips, Dkt. #54-7, May 27, 2011) (hereinafter "Phillips Declaration"), details Lead Class Counsel's strenuous efforts in this case.  By virtue of his unfettered, confidential access to both Parties during the settlement process, Judge Phillips was in a unique position to know the ins and outs of this litigation.  As Judge Phillips discusses, the Parties engaged in two days of intense in-person mediation followed by weeks of follow-up negotiations, as well as confidential mediation briefing before and after the mediation.  *Id.*  Judge Phillips notes the "complex" issues in the case and writes that the settlement is "the result of vigorous arm's-length negotiation" and that the Settlement, including the proposed fee award, is "fair and reasonable."  *Id.* at ¶¶ 5, 10, 11.  The Settlement "required significant compromises on behalf of both parties."  *Id.* at ¶ 7.  The fee

award reflects the Mediator's Recommendation after the Parties were unable to agree on a fee and cost award. *Id.*

Judge Phillips has presided over hundreds of settlement negotiations as both a federal judge and as a private mediator, including complex business disputes and class actions. *Id.* at 2 (Phillips' *curriculum vitae*). He has also been specifically appointed by numerous courts to review and determine reasonable fee awards in class action litigation.[6]

Here, Judge Phillips did more than just passively oversee the fee and cost issues. As a neutral, he presented the Parties with his recommendation of the proper fee in this case. While Plaintiffs' request for attorneys' fees reflects Judge Phillips' considered opinion of what is fair and reasonable in this case, the objections reflect knee-jerk, ideological opposition to class actions and class action attorneys' fee awards. More important, the objections are based on a cursory, rather than a careful, reading of the Settlement Agreement and thus are not based on the real results achieved here.

Objectors Greenberg and Walsh incorrectly argue that money claims predominate in this Settlement. Greenberg Objection at 7-22; Walsh Settlement Objection at 4.[7] The Settlement, in contrast, speaks of "injunctive relief." Settlement Agreement and Release at 17-21 (Dkt. #54-2, May 27, 2011) (hereinafter "Settlement Agreement") (detailing injunctive relief). Significantly, one of the centerpieces of the Settlement is the reinstatement of P&G's uncapped money-back guarantee, offering consumers 100 cents on the dollar in cash. P&G publicly announced the

---

[6] *See, e.g., In re Wal-Mart Wage and Hour Emp't Practices Litig.*, No. 06-0225, 2011 WL 887556 at *2 (D. Nev. July 2, 2010) (referring challenges to the fee and expenses award to Judge Phillips). *See also, Am. Int'l Grp. v. Greenberg* (summary available at <http://www.cpradr.org/Resources/ALLCPRArticles/tabid/265/ArticleType/ArticleView/ArticleID/550/Default.aspx> (giving Judge Phillips power to decide fee issues) (last visited September 15, 2011).

[7] While Walsh argues on page 4 of his Settlement Objection that "the claims here were predominantly, indeed exclusively, for money damages," on page 7 of his Settlement Objection he seems to indicate that equitable relief, rather than money damages, is the heart of the Settlement. The Settlement makes clear that the Parties are settling equitable claims. Settlement Agreement at 17-21 (detailing injunctive relief).

satisfaction guarantee on or about July 27, 2010, after Plaintiffs filed their complaints in this matter, and it lapsed December 31, 2010 – only to be reinstated by the Parties' settlement of this case.

The Settlement release also contains important, hard-fought carve outs.  For example, it pertains only to "all equitable Claims" and does "not release, but instead preserve[s], the right to file individual lawsuits for personal injury or actual damages claimed to have been caused by or related to the Pampers with Dry Max product[8] . . ."  *Id*. at 23.

Awarding Plaintiffs' fee request is abundantly supported by the case law.  As the Court knows, Rule 23(h) of the Federal Rules of Civil Procedure expressly authorizes the Court to award "reasonable attorneys fees and nontaxable costs . . . by agreement of the parties. . . ."  "Negotiated and agreed-upon attorneys fees as part of a class-action settlement are encouraged as an "ideal" toward which the parties should strive."  *Bailey v. AK Steel Corp.*, No. 06-468, 2008 WL 553764 at *1 (S.D. Ohio Feb. 28, 2008); *see also Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983) (holding that an agreed-to-fee is an ideal situation).  Here, the fees were agreed to by the Parties *after* being recommended by an experienced mediator and former federal judge.  *Cf. In re UnitedHealth Grp. Inc. S'holder Derivative Litig.*, 631 F. Supp. 2d 1151, 1156 (D. Minn. 2009) (holding that "whether a skilled mediator was involved" in class settlement may be considered by the district court in determining whether the settlement is fair); *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029 (9th Cir. 1998) (holding that district court did not err in relying on the fact that the parties accepted the mediator's fee recommendation as "independent confirmation that the fee was not the result of collusion or a sacrifice of the interests of the class").

---

[8] After conducting months of exhaustive research on the physical and chemical properties of Dry Max Pampers, Lead Class Counsel have reached the conclusion that it is unlikely that class certification of personal injury claims could be achieved in this particular case, thus making the waiver of the class action device for personal injury claims a reasonable trade-off in light of the totality of the circumstances.

Class Counsel has requested, and P&G has agreed to pay, a fee award well below Class Counsel's lodestar. Where, as here, "a case is primarily concerned with injunctive or declaratory relief, exclusive concern with monetary benefits may not be appropriate" and courts should "consider using the lodestar method, including any appropriate multiplier, to calculate fee awards." MANUAL FOR COMPLEX LITIGATION (Fourth) § 21.71 (2004) (discussing award of attorneys' fees in class actions).

Indeed, Greenberg recently cited *Perdue v. Kenny A.*, 130 S. Ct. 1662, 1673 (2010) to Judge O'Malley in the Northern District of Ohio for the proposition that "there is a 'strong presumption' that an unenhanced lodestar is a reasonable fee." *Lonardo v. Travelers Indem. Co.*, 706 F. Supp. 2d 766, 813 (N.D. Ohio 2010).[9] Tellingly, the objectors never address the Sixth Circuit's test for the reasonableness of attorney fee awards, choosing instead to make conclusory allegations. *Compare* Plaintiffs' Motion for Attorneys' Fees at 8-16 (detailing how the fee award conforms to Sixth Circuit law on attorneys' fee awards) *with* Walsh Fees Objection (omitting discussion of the applicable Sixth Circuit test). Following the "strong presumption" previously cited by Mr. Greenberg in support of his own fee application, the requested award should be granted. Objectors' conclusory statements about their general opposition to attorneys' fees in class actions cannot overcome the "strong presumption" that the lodestar represents a reasonable fee. *Ousley v. Gen. Motors Ret. Program for Salaried Emps.*, 496 F. Supp. 2d 845, 850 (S.D. Ohio 2006) (discussing this presumption).

---

[9] The Center for Class Action Fairness not only sought their lodestar but also a multiplier "to reflect the risk of non-recovery." *Lonardo v. Travelers Indemnity Co.*, 06-0962 Dkt. # 198-2 at 8 (N.D. Ohio, April 28, 2010) (noting that "out of seven objections" filed by the Center, the objection in *Lonardo* was "the first that resulted in an improved settlement for the class").

7

The fee award is a result of both hard-fought negotiation between experienced counsel and was recommended by an experienced mediator. The Court should approve Plaintiffs' request for attorneys' fees and reimbursement of costs.

## C. THE RELIEF OBTAINED JUSTIFIES THE FEE AWARD

The Parties have reached the best resolution possible under the unique, science-driven facts of this case, and the lack of objections from parents to the Settlement stands in stark contrast to the firestorm of complaints that led to the filing of this litigation. Three objections have been filed (two by professional objectors), while thousands of complaints – to the Consumer Products Safety Commission as well as Plaintiffs' counsel and defendants Procter & Gamble – were lodged by concerned parents. As addressed in the Parties' Joint Motion of Plaintiffs and Defendants for Final Approval of Settlement, Objectors Greenberg and Walsh intervene frequently in class actions, claiming again and again that Plaintiffs' attorneys' fees are excessive; they then seek part of any fee award to Plaintiffs' counsel to support their business model.[10] Their appearance here is neither surprising nor indicative of any genuine dissatisfaction on the part of Class real members. Objector Nace makes no indication that his child suffered health effects he believes to be related to the diapers. Indeed, *none* of the thousands of families whose children suffered from rashes object to the attorneys' fee award. The reason is simple: The relief provided in the Settlement addresses the genuine needs and concerns raised by parents about Dry Max Pampers and is therefore an appropriate basis on which to award Class Counsel's requested fees.

---

[10] Although Mr. Greenberg's counsel at the Center For Class Action Fairness LLC states that he is representing Greenberg "pro bono" and will not "settle an objection in exchange for payment," Mr. Greenberg does not hesitate to attempt to collect fees, as discussed above in fn. 9. Greenberg Objection at 2-3.

### 1.     The Settlement Provides Useful Information to Class Members

Professional objector Walsh calls the relief obtained by the Class "abysmal" and a "100% failure."  Walsh Fees Objection at 1.  Walsh's child was, apparently, not affected by the rash, and so Walsh is apparently out-of-touch with the desires of the families for whom the relief was critical.  No parent who is able to quickly locate information that will alleviate his or her child's medical problem would call easy access to that information on the product manufacturer's website "abysmal."

Similarly, professional objector Greenberg makes no claim that his child suffered from a rash due to Pampers.  This makes him an inadequate judge of the importance of the information P&G has agreed to share and develop about diaper rash.  Because their children suffered no rash, Walsh and Greenberg could never bring a personal injury suit, and they would not be part of class that sought class relief for personal injuries.  Their objections arise from self interest and/or philosophical positions on class actions, and should be rejected.

The nearly 4,700 complaints lodged with the CPSC demonstrate the importance of the specific nature of the relief achieved, targeted to the parents' concerns that gave rise to this litigation.  CPSC Press Release.  The injunctive relief achieved in this Settlement directs consumers to the Mayo Clinic website.  Settlement Agreement at 19.  That site tells parents information that is directly on point here: "If one brand of disposable diaper irritates your baby's skin, try another."  Mayo Clinic Staff, *Diaper Rash – Prevention*, MAYOCLINIC.COM, http://www.mayoclinic.com/health/diaper-rash/DS00069/DSECTION=prevention (last visited Sept. 15, 2011).  That simple advice is critical information that parents need, as demonstrated by complaints produced by the CPSC pursuant to a Freedom of Information Act request (attached as Ex. A).

- A child developed a "very serious rash" with Dry Max Pampers.  This child's physician knew to recommend changing to a different line of [P&G] diapers, and with the change "the rash began to see immediate improvement."  I1053837A.

- Another "VERY loyal Pampers" user's oldest daughter used Dry Max and developed [a severe rash].  With a switch to a different Pampers line, she "is calming down" and the rash improved.  I1053869A.

These examples, replicated again and again in the CPSC complaints obtained and reviewed by Lead Class Counsel, demonstrate that the equitable relief achieved for the class will really make a difference – those parents whose children may develop rashes when wearing one brand of diapers, such as Dry Max Pampers, will quickly learn from a reliable source that perhaps the best thing they can do to help minimize their child's problem is to switch to a different diaper, in some cases even another P&G product.  As a result of the relief obtained for the Class, physicians will also be more alert to this simple, effective means of treating a severe, reactive rash.  Procter & Gamble has agreed to provide specific information on its website about skin irritation alleged to be associated with Dry Max Pampers (including graphic words such as "blisters or boils . . . and pus or weeping discharge") and about when a doctor should be consulted.  Settlement Agreement at 19.

To a parent watching over a child who may need to change diaper styles, the information provided and made accessible through this Settlement is priceless.  Reliable, medically correct information will be in parents' hands, where they can best use it.  Parents whose children actually experienced these rashes have not written the Court to object to the Settlement.  Rather, the Named Plaintiffs whose children *have* experienced problems have signed off on the Settlement.

## 2. The Objectors Misapprehend or Distort the Terms of the Settlement

Objector Walsh misapprehends the Settlement and thus fails to account for the relief obtained.  Walsh claims that any award of attorneys' fees reduces relief to class members. Walsh Fees Objection at 1.  This is doubly false.  First, as Walsh acknowledges and as both Parties have stated under oath, attorneys' fees were negotiated separately from, and after, relief for the class.  Plaintiffs' Motion for Attorneys' Fees at 9 and Walsh Settlement Objection at 12. Second, this Settlement encompasses only equitable claims, not claims for personal injury or actual damages.  Settlement Agreement at 23 (preserving personal injury and actual damages claims).

Because the Parties are settling only equitable claims, Walsh's second objection to the fee request, that no money is being paid to class members, is irrelevant.  Walsh Fees Objection at 1. By definition, money is not paid to settle the *equitable* claims in the Settlement.

Walsh's third objection to the attorneys' fees is the same as his general objection:  that the Settlement does not conform to his view of the Complaint.  This objection is unavailing. Plaintiffs, not Objectors, control pleadings and may raise, and settle, claims as the evidence and their clients' desires evolve.  Walsh refers to a "standard" by which a Complaint's relationship to the Settlement should be judged, but cites no cases to support this "standard."  No such standard exists.  A "court may release not only those claims alleged in the complaint and before the court, but also claims which 'could have been alleged by reason of or in connection with any matter or fact set forth or referred to in' the complaint.."  *In re Corrugated Container Antitrust Litig.*, 643 F.2d 195, 221 (5th Cir. 1981) (citing *Patterson v. Stovall*, 528 F.2d 108, 110 n.2 (7th Cir. 1976)). Plaintiffs control their pleadings, and settlements routinely include language settling "any and all claims which were brought or which might have been brought, based on or arising from the facts alleged in the Complaint and Counterclaims."  *Thompson v. Midwest Found. Indep. Physicians*

11

*Ass'n*, 124 F.R.D. 154, 163 (S.D. Ohio 1988) (approving above settlement language); *In re Dun & Bradstreet Credit Servs. Customer Litig.*, 130 F.R.D. 366, 376 (S.D. Ohio 1990) (approving settlement language stating "all claims which are asserted in the Second Consolidated Amended Complaint or which in any way relate to or arise from the facts, transactions, matters, occurrences or events surrounding, or which are set forth in, the Second Consolidated Amended Complaint").

Objector Greenberg similarly misconstrues the relief in the Settlement as mainly about money; his failure to read the Settlement's plain language describing the meaningful, equitable relief obtained for the Class demonstrates that he is an untrustworthy guide to the Settlement, and thus his objections should be denied.

Finally, Greenberg cites *In re Bluetooth* in opposition to the fee request.  The problems the Ninth Circuit found in the *Bluetooth* settlement are not relevant here for the following reasons.

- Here, the Class is granted a year-long money back guarantee, uncapped in amount.  Settlement Agreement 20-21.  In *Bluetooth*, the Class obtained no such relief.  *In re Bluetooth Headset Prods. Liab. Litig.*, No. 09-56683, 2011 WL 3632604 at *2 (9th Cir. Aug. 19, 2011).

- The district court in *Bluetooth* failed to document its consideration of the reasonableness of the lodestar amount and failed to compare the benefits to the class to the fees.  *Id*.  Plaintiffs' Motion for Attorneys' Fees, Reimbursement Of Expenses And Representative Plaintiff Award Payments makes clear that those are important considerations and that Plaintiffs expect the Court to consider those factors and to find their fees reasonable.

- Unlike *Bluetooth*, the fees here represent the mediator's recommendation, which was presented on a take-it-or-leave-it basis to both Parties, who had to independently agree. Plaintiffs' Motion for Attorneys' Fees at 8 (describing settlement negotiations and mediator's presentation of his recommendation). There are no indicia of collusion here, and Judge Phillips' recommendation should be given significant weight, since he is frequently called on by courts to evaluate the reasonableness of fees.

- Importantly, *Bluetooth* is not a denial of a fee award; rather, it remands with instructions to the district court. *In re Bluetooth Headset Prods. Liab. Litig.*, 2011 WL 3632604 at *7.

**D.     The Time Records Are Sufficient**

Objector Walsh complains that counsel's time records are not sufficiently detailed. Walsh Fee Objection at 4. The only case Walsh cites in support of this argument noted that the Sixth Circuit has "held that explicitly detailed descriptions [in attorney time records] are not required." *Imwalle v. Reliance Med. Prods., Inc.*, 515 F.3d 531, 554 (6th Cir. 2008). The *Imwalle* court went to hold that "Counsel's billing entries, when read in the context of the billing statement as a whole and in conjunction with the timeline of the litigation, support the district court's determination that the hours charged were actually and reasonably expended in the prosecution of the litigation." *Id.* Objector Walsh's authority does not support reducing the fee award here or requiring further billing detail. Indeed, Lead Class Counsel has litigated at least five cases within the Sixth Circuit over the past few years, and in each of them the court has approved the fee award without requiring more detailed billing information.[11]

---

[11] *In re the Goodyear Tire & Rubber Co. ERISA Litig.*, No. 03-2182, slip op. at 2 (N.D. Ohio Oct. 22, 2008) (J. Adams); *In re Visteon Corp. ERISA Litig.*, No. 05-71205, slip op. at 4 (E.D. Mich. Mar. 9, 2007) (J. Cohn); *In re*

The billing records submitted, and the significant discount to counsel's lodestar, are sufficient for the Court to evaluate and grant the fee request. Plaintiffs' Counsel prosecuted this action to "maximize collective resources, minimize duplication and streamline" the litigation, minimizing attorney hours and fees. Declaration of Lynn Lincoln Sarko and Gretchen Freeman Cappio at 8, ¶ 37 (Dkt. # 57-1, August 27, 2011). This was a "complex, high stakes" case involving the laws of every state. *Id*. at ¶ 40.

This case presented uniquely strenuous demands. From the beginning, Defendants made clear that this was going to be science- and expert-intensive case, and Plaintiffs performed significant work to rise to that challenge. The CPSC's investigation involved reviewing "clinical and toxicological data found in published, peer-reviewed medical literature. CPSC also critically reviewed data submitted by Procter & Gamble (P&G) and the results of a human cumulative irritation patch study conducted by P&G in May 2010. Further, chemistry, toxicology and pediatric medicine information provided by Health Canada was reviewed by CPSC." CPSC Press Release. Plaintiffs were similarly engaged. Plaintiffs consulted with numerous experts in toxicology, pediatrics, pediatric dermatology, chemistry, consumer behavior, and other technical fields. Plaintiffs' also retained a scientist who reviewed Dry Max-related patents and provided a liaison between experts conducting lab tests on diapers and counsel. Lead Class Counsel have also coordinated and communicated with the over 700 concerned parents who have contacted us to date.

---

*Delphi Corp. Secs., Derivative & ERISA Litig.*, MDL No. 1725, slip op. at 2 (E.D. Mich. May 12, 2010) (J. Rosen); *In re CMS Energy ERISA Litig.*, No. 2006 WL 2109499 at *3 (E.D. Mich. June 27, 2006) (J. Steeh); and *In re Ford Motor Co. ERISA Litig.*, No. 06-11718, slip op. at 5 (E.D. Mich. Feb. 15, 2011) (J. Murphy, III).

While objector Walsh appears to universally reject Plaintiffs' Counsel's requests for fees in class actions while seeking fees for himself,[12] Judge Phillips, an experienced mediator, recommended the fee request in this case, based on his experience, the briefing and presentations on legal and factual issues made during mediation, and his judgment of what made sense given the complexity of the case. Phillips Declaration at ¶¶ 4-10. Objector Walsh, in contrast, did not take the time to understand the nature of the relief offered by the Settlement, much less did he neutrally evaluate the efforts Plaintiffs' counsel made before and during mediation. This Court should reject Walsh's rote objection to the attorneys' fees agreed to here and accept the figure Judge Phillips suggested, based on his knowledge of this case and his vast experience in class action litigation.

Objector Greenberg's objections to fees are similarly unavailing. First, Greenberg objects generally that the relief in the Settlement does not justify the fee award. Greenberg Objection at 25. As shown above, the Settlement offers important relief to the Class. Greenberg then argues that the Court should apply the common fund method of determining fees. *Id*. The Sixth Circuit, however, does not mandate using the common fund method, and applying such a method here makes no sense, given that the Settlement deals only with equitable relief. As the Court has previously noted, "The Sixth Circuit has approved both the 'lodestar' and common fund payment of attorney fees." *Gentrup v. Renovo Servs., LLC*, No. 07-430, 2001 WL 2532922, slip op. at *4 (June 24, 2011, S.D. Ohio) (Black, J.) (citing *Hensley v. Eckerhart,* 461 U.S. 424, 433-4, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). The A.L.I. *Principles of the Law of Aggregate Litig.*, § 3.13(c) (2010), notes that the lodestar method is appropriate where, as here, a case concerns "injunctive or declaratory relief." In *Gentrup*, this Court approved an agreed-to

---

[12] *See, e.g.*, *In re: Initial Pub. Offering Secs. Litig.*, 728 F. Supp. 2d 289, 294 (S.D.N.Y. 2010) (recognizing "evidence of bad faith or vexatious conduct by the Objectors[,]" including those represented by Jeffrey Weinstein; court noted that other courts have found Weinstein to be a "serial objector[]").

settlement of "significantly less than the lodestar amount . . . ." *Id.* Likewise, the Court should approve Class Counsel's fees here. Indeed, as shown above, Greenberg himself relies on the "presumptive reasonableness" of the lodestar method when applying for fees. *Lonardo*, 706 F. Supp. 2d at 813.

Greenberg next attacks the fees because of a "clear sailing" provision preventing P&G from challenging the fee award. That provision was bargained-for consideration and subject to the Mediator's recommendation, which he made based on his understanding of the entire Settlement. In contrast, Greenberg's only support for this objection is his opposition to it; he cites no cases rejecting such a provision. Greenberg Objection at 27. And, even without that explicit agreement, it would be surprising that parties would ever make an agreement where one party had the right to attack its fundamental terms, and thus Greenberg's dislike of the "clear sailing" provision goes against the logic of negotiation.[13]

The alleged problem with a "kicker" provision simply does not apply here – there is no provision for a monetary award for class members besides money back in accordance with the Satisfaction Guarantee, so there is no possibility of money reverting back to P&G rather than class members. In contrast to *Bluetooth*, the relief here provides for money-back. *Bluetooth,* 2011 WL 3632604 at *2. As noted above, there is no upper limit on the money back for unsatisfied consumers. Moreover, even though the Court extended the deadline for Greenberg and other objectors to expand on their concerns regarding attorneys' fees, Greenberg did not further brief the issue.

Greenberg also cites *In re Aqua Dots*, No. 10-3847, 2011 WL 3629723 (7th Cir., Aug. 17, 2011), in his opposition to attorneys' fees. *Aqua Dots* provides no guidance here. In *Aqua*

---

[13] The Settlement contains several bargained-for exchanges, such as the "No Admission" provision, Settlement at 28-30, which prohibits use of the Settlement in other actions. Such clauses are critical to settlements because they allow the parties to achieve peace.

*Dots*, the company, upon learning of a problem with its product, issued a recall, and allowed consumers to exchange or return the defective product.  *Id*. at *1.  When the company was subsequently sued, the plaintiffs sought "relief that duplicates a remedy most buyers already have received, and that remains available to all members of the putative class."  *Id*. at *3.  Here, in contrast, it was only *after* the filing of the underlying suits that the satisfaction guarantee was announced to the public.  Moreover, the program lapsed on December 31, 2010.  In other words, here the filing of the litigation spurred the initiation of the satisfaction guarantee and the Settlement spurred renewal of that guarantee – facts that plainly distinguish this case from *Aqua Dots*, even without considering the other injunctive relief provided by the Settlement.

Objector Nace's complains that the fees are excessive, in part, because the injunctive relief does nothing for class members who have suffered (in the past), rather than those who might suffer in the future.  That objection, however, misreads the Settlement by assuming the injunctive relief is only forward-looking.  The Settlement, however, clearly provides the gold standard of relief in a consumer case -- money back for dissatisfied class members' past purchases.  Settlement Agreement at 20-21.  Nace's second objection to fees, that no money should be paid to attorneys because only injunctive relief was achieved, should be rejected for the same reason as the similar objections of Greenberg and Walsh – the Settlement provides important relief, including uncapped money back.

**E.**     **The Representative Plaintiff Awards Are Appropriate**

Nace objects to the Representative Plaintiff Awards, but fails to note that these individuals are compensated in part because they waived their right to sue for personal injury claims, unlike other class members.  They also spent numerous hours participating in the legal process, a noble goal that the Sixth Circuit repeatedly recognizes and awards.  As this Court recently observed in *Gentrup*, where the class representative was awarded $2,500, "a class

representative fee for services rendered to the class" including assistance with the mediation and continuing help to counsel is a "modest service fee" that is reasonable.  Likewise, the $1,000 awards to Named Plaintiffs per affected child is a reasonable piece of the Settlement that P&G has agreed to pay.

## II.   CONCLUSION

For the reasons stated above, and in their Motion for Attorneys' Fees, Reimbursement of Expenses, and Representative Plaintiff Award Payments and supporting Memorandum, Lead Class Counsel respectfully requests that the Court grant Plaintiffs' Motion for Attorneys' Fees, Reimbursement of Expenses, and Representative Plaintiff Awards.

DATED this 16th day of September, 2011.

Respectfully submitted,

KELLER ROHRBACK L.L.P.


s/ Gary D. Greenwald
Gary D. Greenwald   0024480
KELLER ROHRBACK L.L.P.
3101 North Central Avenue, Suite 1400
Phoenix, AZ 85012
*Trial Attorney for Plaintiffs*


s/ Gretchen Freeman Cappio
Lynn Lincoln Sarko, *Pro Hac Vice*
lsarko@kellerrohrback.com
Gretchen Freeman Cappio, *Pro Hac Vice*
gcappio@kellerrohrback.com
KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101
Tel: (206) 623-1900 / Fax: (206) 623-3384
*Lead Class Counsel*

Michael D. Woerner, *Pro Hac Vice*
mwoerner@kellerrohrback.com
Gretchen S. Obrist, *Pro Hac Vice*
gobrist@kellerrohrback.com
Harry Williams IV, *Pro Hac Vice*
hwilliams@kellerrohrback.com
KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101
Tel: (206) 623-1900 / Fax: (206) 623-3384

David S. Preminger, *Pro Hac Vice*
dpreminger@kellerrohrback.com
KELLER ROHRBACK L.L.P.
770 Broadway, 2nd Floor
New York, NY 10003
Tel: (646) 495-6198 / Fax: (646) 495-6197

Mark D. Samson, *Pro Hac Vice*
msamson@kellerrohrback.com
KELLER ROHRBACK P.L.C.
3101 North Central Avenue, Suite 1400
Phoenix, AZ  85012
Tel: (602) 248-0088 / Fax: (602) 248-2822
***Interim Lead Counsel for Plaintiffs***

**OTHER PLAINTIFFS' COUNSEL:**

Donald S. Varian, Jr.  0013027
varianlaw@aol.com
195 South Main Street, Suite 400
Akron, OH 44308
Tel: (330) 434-4100 / Fax: (330) 434-4110

Todd S. Collins
tcollins@bm.net
Neil F. Mara
nmara@bm.net
Elizabeth Fox
efox@bm.net
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA 19103-6365
Tel: (215) 875-3000 / Fax: (215) 875-4604

Joseph C. Kohn
jkohn@kohnswift.com
George S. Croner
gcroner@kohnswift.com
Craig W. Hillwig
chillwig@kohnswift.com
KOHN, SWIFT & GRAF, P.C.
One South Broad Street, Suite 2100
Philadelphia, PA  19107
Tel: (215) 238-1700 / Fax: (215) 238-1968

Christina Donato Saler
cdsaler@chimicles.com
CHIMICLES & TIKELLIS, LLP
361 W. Lancaster Avenue
Haverford, PA 19041
Tel: (610) 642-8500

Gerard V. Mantese
gmantese@manteselaw.com
David Honigman
dhonigman@manteselaw.com
David Hansma
dhansma@manteselaw.com
MANTESE, HONIGMAN, ROSSMAN AND
WILLIAMSON, P.C.
1361 E. Big Beaver Road
Troy, MI  48083
Tel: (248) 457-9200 / Fax: (248) 457-9201

Thomas M. Mullaney
tmm@mullaw.org
LAW OFFICES OF THOMAS M. MULLANEY
275 Madison Avenue, 37th Floor
New York, NY  10016
Tel: (212) 223-0800 / Fax: (212) 661-9860

Daniel E. Gustafson
dgustafson@gustafsongluek.com
Karla M. Gluek
kgluek@gustafsongluek.com
Amanda M. Williams
awilliams@gustafsongluek.com
GUSTAFSON GLUEK PLLC
650 Northstar East
608 Second Avenue South
Minneapolis, MN  55402
Tel: (612) 333-8844 / Fax: (612) 339-6622

Richard J. Arsenault
rarsenault@nbalawfirm.com
Laura Singletary
lsingletary@nbalaw.com
Mary Nell Bennett
mnbennett@nbalaw.com
NEBLETT, BEARD & ARSENAULT
2220 Bonaventure Court
P.O. Box 1190
Alexandria, LA  71309-1190
Tel: (318) 487-9874 / Fax: (318) 561-2591

Nicholas J. Drakulich
njd@draklaw.com
THE DRAKULICH FIRM, A PROFESSIONAL
LAW CORPORATION
2727 Camino Del Rio South, Suite 322
San Diego, CA  92108
Tel: (858) 755-5887 / Fax: (858) 755-6456

Joseph F. Devereux, Jr.
jfdevereuxjr@devereusmurphy.com
Joseph F. Devereux, III
jfdiii@devereuxmurphy.com
DEVEREUX MURPHY LLC
The Plaza at Clayton
190 Carondelet, Suite 1100
St. Louis, MO  63105
Tel: (314) 721-1516 / Fax: (314) 721-4434

Dianne M. Nast
dnast@rodanast.com
RODANAST, P.C.
801 Estelle Drive
Lancaster, PA  17601
Tel: (717) 892-3000 / Fax: (717) 892-1200

David S. Corwin
dcorwin@shercorwin.com
Amanda Sher
asher@shercorwin.com
SHER CORWIN, LLC
190 Carondelet Plaza, Suite 1100
Clayton, MO  63105
Tel: (314) 721-5200 / Fax: (314) 721-5201

J. Gordon Rudd, Jr.
Gordon.rudd@zimmreed.com
Charles S. Zimmerman
Charles.zimmerman@zimmreed.com
Elizabeth A. Peterson
Elizabeth.peterson@zimmreed.com
Timothy J. Becker
Timothy.becker@zimmreed.com
ZIMMERMAN REED, P.L.L.P.
651 Nicollet Mall, Suite 501
Minneapolis, MN  55402
Tel: (612) 341-0400 / Fax: (612) 341-0844

Mila F. Bartos
mbartos@finkelsteinthompson.com
Karen J. Marcus
kmarcus@finkelsteinthompson.com
FINKELSTEIN THOMPSON LLP
1050 - 30th Street, NW
Washington,, D.C.  20007
Tel: (202) 337-8000 / Fax: (202) 337-8090

Peter H. Weinberger
pweinberger@spanglaw.com
Stuart E. Scott
sscott@spanglaw.com
SPANGENBERG SHIBLEY & LIBER LLP
1001 Lakeside Avenue East, Suite 1700
Cleveland, OH  44114
Tel: (216) 696-3232 / Fax: (216) 696-3924

Hassan A. Zavareei
hzavareei@tzlegal.com
Jonathan Tycko
jtycko@tzlegal.com
Jeffrey Kaliel
jkaliel@tzlegal.com
TYCKO & ZAVAREEI LLP
2000 L Street, NW, Suite 808
Washington, DC  20036
Tel: (202) 973-0900 / Fax: (202) 973-0950

J. Edward Bell, III
ebell@edbelllaw.com
J. Ryan Heiskell
rheiskell@edbelllaw.com
BELL LEGAL GROUP, LLC
232 King Street
Georgetown, SC  29442
Tel: (843) 546-2408 / Fax: (843) 546-9604

T. Ryan Langley
rlangley@hodgelawfirm.com
HODGE & LANGLEY LAW FIRM, P.C.
229 Magnolia St.
Spartanburg, SC  29306
Tel: (864) 585-3873 / Fax: (864) 585-6485

## <u>CERTIFICATE OF SERVICE</u>

I, the undersigned, hereby certify that on September 16, 2011, I electronically filed the following with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all parties so registered.

1. Plaintiffs' Response to Objections to Motion for Attorneys' Fees, Reimbursement of Expenses and Representative Plaintiff Award Payments.

I also hereby certify that I have mailed by first class U.S. Mail postage pre-paid, the documents to the following non-CM/ECF parties:

   Robert Foster, Jr.
   Nelson Mullins Riley & Scarborough LLP
   1330 Lady Street
   PO Box 11070
   Columbia, SC 29211-1070

   Edward Han
   Howrey & Simon
   1299 Pensylvania Avenue NW
   Washington, DC 20004

   Gurbir S. Grewal
   HOWREY LLP
   153 EAST 53RD STREET
   54th Floor
   New York, NY 10022

   Adam Esra Schuman
   Center for Class Action Fairness LLC
   1718 M Street NW, No. 236
   Washington DC 20036
   ***Attorneys for Daniel Greenberg***

   Bonner C. Walsh
   904 Mission Avenue
   Athens, TX 75751

Donald K. Nace
1000 Suffolk Court
Cedar Park, TX 78613

I certify under penalty of perjury under the laws of the State of Washington that the

foregoing is true and correct.

Dated:  September 16, 2011

s/ Gretchen Freeman Cappio