IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| IN RE DRY MAX PAMPERS LITIGATION | NO. 1:10-CV-00301-TSB |
|---|---|

## SURREPLY TO REPLY TO OBJECTIONS TO PLAINTIFFS' MOTION FOR ATTORNEYS' FEES.

To The Honorable District Judge:

Comes Now Bonner Walsh, ("Objector"), and files this surreply to the PLAINTIFFS' RESPONSE TO OBJECTIONS TO MOTION FOR ATTORNEYS' FEES REIMBURSEMENT OF EXPENSES AND REPRESENTATIVE PLAINTIFF AWARD PAYMENTS, Doc. 69, and would show as follows:

### I. Incorporation of Objection

Objector hereby incorporates his objections to the Settlement, Doc. 62, and his objections to Plaintiff's motion for attorney fees, Doc. 66, as if set forth at length.

### II. Notice Regarding attendance of Fairness hearing.

While Objector intended on attending the fairness hearing conflicts have arisen and that will not be possible. However due to the ad hominem attacks advanced by Plaintiff's counsel a written response is warranted.

### III. Plaintiff's Counsel should explain to the Court their misrepresentations.

The art of misdirection can be a powerful and entertaining dalliance, but it has no place in the courtroom and should be left to magicians and those that practice their art in dimly lit rooms. Here when confronted with an analysis of a blatant misrepresentation, rather than address the issue, Plaintiff's counsel launch into a baseless attack of Objector. Again Plaintiff's counsel states:

> The Settlement Agreement gives the Plaintiff Class *most of the relief requested in the Consolidated Complaint*: injunctive relief to help ensure that parents do not have to watch their children suffer unnecessarily because of lack of information about problems associated with the Dry Max Pampers.

Doc. 57, p. 9 (emphasis added). Objector would refer the Court to Doc. 66 for a full analysis but again urges his summary chart.

1

| Requested relief in prayer (Doc. 25, p. 205-206) | Did they get it? |
|---|---|
| Require that P&G Companies ensure that the Dry Max Pampers lack thecapacity to cause severe rashes, … | No |
| Require P&G Companies to submit product testing results on a regular basis … | No |
| Award damages to Plaintiffs and members of the Classes for medical expenses | No |
| Award costs to Plaintiffs and members of the Classes for appropriate treatment for those who experience the severe rashes | No |
| Award damages to Plaintiffs and members of the Classes for payments, in whatever form, rendered for the worthless Dry Max Pampers | No |
| Declare the conduct of P&G Companies as alleged herein to be unlawful | No |
| Grant Class Members awards of actual, compensatory, treble, punitive and/or exemplary damages … | No |
| Grant Class Members their costs of suit, including reasonable attorneys' fees, costs, and expenses … | Yes, *but every penny of the relief goes to Class Counsel* |
| Grant Class Members both pre-judgment and post-judgment interest | No |

Other than a fat paycheck for themselves, Class Counsel obtained *none* of the requested relief. Despite Class Counsel's baseless attacks upon Objector, the only thing sought by the undersigned is the disapproval of this settlement and the denial of any attorney fees to Class Counsel.

### IV. Prayer

Regarding the proposed class settlement, the Court is limited to a single decision: approve or disapprove the settlement. *Evans v. Jeff D.*, 475 U.S. 717, 726-727 (1986). The Court may not amend the settlement. *Id.* Thus, Objector prays that the Court disapprove the settlement and deny the motion to certify.

If the Court nevertheless approves the settlement, Objector prays that the Court deny the requested fees to Class Counsel.

Objector further prays that the Court grant Objector such other and further relief as to which Objector may be entitled

Bonner C. Walsh
904 Mission Avenue
Bonner.walsh@mac.com
903-780-1155

## Certificate of Service

I hereby certify that a copy of the above and foregoing document has been served upon all counsel of record by both Fed-Ex and Regular Mail as well as the Court by Fed-Ex on September 23rd, 2011 including the following:

**Court**
Office of the Clerk
Potter Stewart U.S. Courthouse
Room 103
100 East Fifth Street
Cincinnati, OH 45202

**Lead Class Counsel**
Lynn Lincoln Sarko
Gretchen Freeman Cappio
KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101

**Procter & Gamble's Counsel**
D. Jeffrey Ireland
FARUKI IRELAND & COX P.L.L.
201 East Fifth Street, Suite 1420
Cincinnati, OH 45202

Bonner Walsh

3