IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| IN RE DRY MAX PAMPERS LITIGATION | : | CASE NO. 1:10-cv-00301 TSB |
| | : | (Judge Timothy S. Black) |
| | : | **FINAL APPROVAL ORDER AND FINAL JUDGMENT** |
| | : | |

WHEREAS:

A.    On June 7, 2011, after holding a hearing on preliminary approval, the Court conditionally certified a settlement class in the above-captioned action and preliminarily approved the Class Action Settlement set forth in the Settlement Agreement and Release ("Settlement Agreement") dated May 27, 2011.

B.    On September 28, 2011, a final hearing ("Final Hearing") was held before this Court to determine: (1) whether to certify the this action solely for purposes of settlement; (2) whether the terms and conditions of the Settlement Agreement are fair, reasonable and adequate and in the best interests of the class within the meaning of Rule 23 of the Federal Rules of Civil Procedure and should be approved; (3) whether the class claims should be dismissed and whether the equitable relief claims should be dismissed with prejudice; (4) whether to release the Released Claims, as provided in the Settlement Agreement; (5) whether to approve Plaintiffs' Motion for Attorneys' Fees, Reimbursement of Expenses, and Representative Plaintiff Awards; and (6) whether the request by class counsel for representative plaintiff awards in the amount of $1,000 each (per affected child) for their continued efforts in the action is reasonable and fair.

C. The Parties were represented at the September 28, 2011 final approval hearing and an appearance was made by one objector, Daniel Greenberg, who appeared and argued his objections to the Settlement.

D. Notice of settlement, in the form approved by the Court on June 7, 2011, was disseminated via publication notice through posting via hyperlink to the Class Website, which contained both the summary and full notice, on the Pampers website, the website of Lynn Sarko and Gretchen Cappio of Keller Rohrback ("Lead Counsel") and on the Pampers Facebook page. The Parties also distributed a press release that referred readers to the Class Website.

E. The settlement was the result of extensive and intensive arms-length negotiations occurring over many months and a lengthy mediation with U.S. District Court Judge Layn Phillips (retired) of Irell & Manella LLP and was not a product of collusion. Counsel for the Parties are highly experienced in this type of litigation, with full knowledge of the risks inherent in this action, and they are in a position to enable the Parties to make an informed decision as to the fairness and adequacy of the settlement.

F. The Parties have jointly moved, pursuant to Rules 23(a) and 23(b)(2) of the Federal Rules of Civil Procedure, for a final judgment certifying the class solely for the purposes of settlement, and have moved pursuant to Rule 23(e) of the Federal Rules of Civil Procedure for a final judgment approving the Class Settlement set forth in the Settlement Agreement; and

G. The Court having considered all matters and papers submitted to it in connection with the Final Hearing and otherwise being fully informed, concludes that substantial and sufficient grounds exist for entering this Final Approval Order and Final Judgment

2

("Judgment").

IT IS ORDERED THAT:

1. The Settlement Agreement, including any attachments thereto, is expressly incorporated by reference into this Judgment and made a part hereof for all purposes. Except where otherwise noted, all capitalized terms used in this Judgment shall have the meanings set forth in the Settlement Agreement.

2. The Court has personal jurisdiction over the Parties and all Settlement Class Members, and has subject-matter jurisdiction over this action including, without limitation, jurisdiction to approve the proposed settlement, to grant final certification of the Settlement Class, to settle and release all claims arising out of the transactions alleged in the Consolidated Complaint and all complaints that have been consolidated into this action, and to dismiss this action on the merits and with prejudice.[1]

3. Subject to the terms and conditions of the Settlement Agreement, the Court enters the following injunction applicable to Procter & Gamble. The injunctive relief provision of this Final Approval Order and Judgment shall enjoin Procter & Gamble as follows:

---

[1] This Judgment applies to the cases that have been consolidated into this matter. See e.g. (1) Clark v. Procter & Gamble, No. 1:10-cv-00301 (S.D. Ohio) (filed May 11, 2010); (2) Maloon v. Procter & Gamble, No. 1:10-cv-00307 (S.D. Ohio) (filed May 13, 2010); (3) York v. Procter & Gamble, No. 1:10-cv-00304 (S.D. Ohio) (filed May 13, 2010); (4) Robins v. Procter & Gamble, 1:10-cv-00332 (S.D. Ohio) (filed May 23, 2010); (5) Berman v. Procter & Gamble, 2:10-cv-12179 (E.D. Mich.) (filed June 2, 2010); (6) D'Andrea v. Procter & Gamble, 1:2010cv00471 (filed June 4, 2010); (7) Bishop v. Procter & Gamble, 1:2011cv00054 (S.D. Ohio) (filed June 7, 2010); (8) Tatum v. Procter & Gamble, 1:2011cv00215 (S.D. Ohio) (filed June 23, 2010); (9) Tepper v. Procter & Gamble, No. 1:10-cv-00420 (S.D. Ohio) (filed June 25, 2010); (10) Rosenbaum v. Procter & Gamble, No. 1:10-cv-00563 (S.D. Ohio) (filed August 20, 2010); (11) Lawson v. Procter & Gamble, 1:10-cv-0074 (S.D. Ohio) (filed Oct. 22, 2010); and (12) Nunn v. Procter & Gamble, 1:10-cv-00795 (S.D. Ohio) (filed Nov. 12, 2010).

3

a. **Label Change**

1) Procter & Gamble shall modify the Pampers Swaddlers and Cruisers label as a rolling effort to be completed within twenty-four (24) months of the Effective Date, to read as follows: *"For more information on common diapering questions such as choosing the right Pampers product for your baby, preventing diaper leaks, diaper rash, and potty training, please consult Pampers.com or call 1-800-Pampers."* The above statement shall remain on such packages for a minimum of twenty-four (24) months after the date it is first placed on the Pampers Swaddlers and Cruisers label.

2) This required label change shall not otherwise prevent Procter & Gamble from changing the labeling on its Pampers Swaddlers and Cruisers product, or otherwise taking any steps that may affect the marketing of Pampers Swaddlers and Cruisers as it sees fit.

b. **Consumer Education**

1) Within thirty (30) days of the Effective Date, Procter & Gamble shall post the following additional information on the Pampers website, which shall remain there for a minimum of twenty-four (24) months after the Effective Date:

*"Diaper rash is usually easily treated and improves within a few days after starting home treatment. If your baby's skin doesn't improve after a few days of home treatment with over-the-counter ointment and more frequent diaper changes, then talk to your doctor.*

*Sometimes, diaper rash leads to secondary infections that may require prescription medications. Have your child examined if the rash is severe or the rash worsens despite home treatment. See your child's doctor if the rash occurs along with any of the following: (1) fever; (2) blisters or boils; (3) a rash that extends beyond the diaper area; (4) pus or weeping discharge.*

*Useful links: http://www.mayoclinic.com/health/diaper-rash/DS00069 and http://www.patiented.aap.org/content.aspx?aid=5297"*

    2)    Procter & Gamble may modify the links, if the referenced links become unavailable.

c.    **Additional Relief**

    1)    As soon as practicable and within a reasonable time after the Effective Date, Procter & Gamble shall produce and fund a pediatric resident training program at leading children's health centers in the area of skin health, e.g.,

5

        programs for medical schools and educational material, in the amount of $150,000/year for two (2) years. This program shall give pediatric residents (the first line in rash cases) additional training and information about skin health and the treatment of diaper rash.

2) As soon as practicable and within a reasonable time after the Effective Date, Procter & Gamble shall sponsor a program with the American Academy of Pediatrics in the area of skin health in the amount of $50,000/year for two (2) years.

3) If any amount of funds remain after performing the Additional Relief above, then the remaining amount of funds shall be used to fund the other remaining program, as well as another similar program.

4. Notwithstanding anything stated below, Settlement Class Members (other than Named Plaintiffs) do not release and discharge, but instead preserve, the right to file individual lawsuits for personal injury or actual damages claimed to have been caused by or related to the Pampers with Dry Max product.

5. The Court finds and concludes that the prerequisites to a class action, as identified in Rules 23(a) and 23(b)(2) of the Federal Rules of Civil Procedure are satisfied, in that: (a) the members of the Settlement Class are so numerous that joinder of all such members is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the

6

claims of Plaintiffs are typical of the claims of the Settlement Class; (d) Plaintiffs and Lead Counsel fairly and adequately protected and represented the interests of the class; and (e) the Action seeks injunctive relief. The Court also concludes that, because this Action is being settled rather than litigated, the Court need not consider manageability issues that might be presented by the trial of a nationwide class action involving the issues in this case. Accord: Amchem Prods., Inc. v. Windsor, 521 U.S. 591, 620 (1997). The Court hereby certifies the following Settlement Class, pursuant to Rule 23 of the Federal Rules of Civil Procedure:

> All persons in the United States and its possessions and territories, who purchased or acquired (including by gift) Pampers brand diapers containing "Dry Max Technology" from August 2008 through Final Judgment. All federal judges to whom this case is assigned and members of their families within the first degree of consanguinity, and officers and directors of Procter & Gamble, are excluded from the class definition.

The Settlement Class is certified solely for the purpose of the Settlement Agreement. Nothing in the Settlement Agreement shall be construed as an admission by Procter & Gamble that this Action or any similar case is amenable to class certification for trial purposes. Furthermore, nothing in this Settlement shall prevent Procter & Gamble or Plaintiffs from opposing or supporting class certification or seeking de-certification of the conditionally-certified Settlement Class if final approval of this Settlement Agreement is not obtained, or not upheld on appeal, including review by the United States Supreme Court, for any reason.

6. The Court finds that the Settlement and Release is fair, adequate and reasonable based on the following factors, among other things:

a. there is no fraud or collusion underlying this Settlement Agreement, and it was reached after good faith, arms-length negotiations, warranting a presumption in favor of approval;

7

       b.  Plaintiffs' likelihood of ultimate success on the merits balanced against the amount and form of relief offered in the settlement weigh in favor of settlement;

       c.  the complexity, expense and likely duration of the litigation weigh in favor of settlement;

       d.  the stage of the proceedings and the amount of discovery weigh in favor of settlement;

       e.  the judgment of experienced trial counsel weigh in favor of settlement;

       f.  the nature of the negotiations weighs in favor of settlement;

       g.  the number and nature of the objections raised by class members weigh in favor of settlement; and

       h.  the public interest weighs in favor settlement. Enterprise Energy Corp v. Columbia Gas Transmission Corp., 137 F.R.D. 240, 245 (S.D. Ohio 1991) (Smith, J.) (citations omitted).

    7.  Accordingly, the Court finds that the terms and provisions of the Settlement Agreement, including any and all amendments and exhibits, have been entered into in good faith and are hereby fully and finally approved as fair, reasonable and adequate as to, and in the best interests of, the Plaintiffs and the Settlement Class Members, and in full compliance with all applicable requirements of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), and any other applicable law.

8

8. The Court approves the Settlement Agreement and finds and concludes that it is, in all respects, fair, reasonable and adequate and in the best interests of the Settlement Class within the meaning of Rule 23 of the Federal Rules of Civil Procedure. The Court directs the settlement to be consummated in accordance with the terms and conditions set forth in the Settlement Agreement.

9. The Court approves the release of the Released Claims, as provided in the Settlement Agreement.

10. Except as provided for in the Settlement Agreement, this Action is hereby dismissed with prejudice.

11. Plaintiffs and all members of the Settlement Class are hereby permanently barred and enjoined from seeking to use the class action procedural device in any future lawsuit against Released Parties, where the lawsuit asserts Claims that were or could have been brought in State or Federal Court in this Action prior to the entry of this Final Approval Order and Judgment and are not otherwise released and discharged by the Settlement Agreement.

12. The Court finds and concludes that the Consolidated Class Action Complaint, and all of the complaints that were filed and consolidated into this action, were filed on a good faith basis in accordance with Rule 11 of the Federal Rules of Civil Procedure.

13. The Court finds and concludes that the Parties provided adequate notice, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure and the Court's June 7, 2011 Order.

14. The Court finds and concludes that the Class Representative Awards in the amount of $1,000 each (per affected child) are reasonable and fair.

15. Pursuant to Fed. R. Civ. P. 23(h) the Court approves an award to Plaintiffs' counsel in the amount of $2,730,000. This amount covers all of Plaintiffs' counsel's fees and costs.

16. This Settlement Agreement, whether or not it shall become final, and any and all negotiations, communications, and discussions associated with it, shall not be:

    A. offered or received by or against any Person as evidence of, or be construed as or deemed to be evidence of, any presumption, concession, or admission by a Party of the truth of any fact alleged by Plaintiffs or defense asserted by Procter & Gamble, of the validity of any Claim that has been or could have been asserted in this Action, or the deficiency of any defense that has been or could have been asserted in this Action, or of any liability, negligence, fault or wrongdoing on the part of Plaintiffs or Procter & Gamble;

    B. offered or received by or against any Person as a presumption, concession, admission or evidence of the violation of any state or federal statute, law, rule, or regulation or of any liability or wrongdoing by Procter & Gamble, or of the truth of any of the Claims, and evidence thereof shall not be directly or indirectly, in any way, (whether in this Action or in any other action or proceeding), except for purposes of enforcing this Settlement Agreement and the Final Approval Order and Judgment including, without limitation, asserting as a defense the release and waivers provided herein;

    C. offered or received by or against any Person as evidence of a presumption, concession, or admission with respect to a decision by any court regarding the certification of a

10

class, or for purposes of proving any liability, negligence, fault, or wrongdoing, or in any way referred to for any other reason as against Procter & Gamble, in any other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Settlement Agreement; provided, however, that if this Settlement Agreement is approved by the Court, then Plaintiffs or Procter & Gamble may refer to it to enforce their rights hereunder; or

    D. construed as an admission or concession by Plaintiffs, the Settlement Class or Procter & Gamble that the consideration to be given in this Settlement Agreement represents the relief that could or would have been obtained through trial in this Action.

    17. The Court has jurisdiction to enter this Judgment. Without in any way affecting the finality of this Judgment, this Court expressly retains exclusive and continuing jurisdiction over the parties, including Settlement Class Members, and all matters relating to the administration, consummation, validity, enforcement and interpretation of the Settlement Agreement and of this Judgment, including, without limitation, for the purpose of:

    a. enforcing the terms and conditions of the Settlement Agreement and resolving any disputes, claims or causes of action that, in whole or in part, are related to or arise out of the Settlement Agreement, and/or this Judgment (including, without limitation: whether a person or entity is or is not a Settlement Class Member; whether claims or causes of action allegedly related to this Action are or are not barred or released by this Judgment; and whether persons or entities are enjoined from pursuing any claims);

    b. entering such additional orders, if any, as may be necessary or appropriate to protect or effectuate this Judgment and the Settlement Agreement (including,

without limitation, orders enjoining persons or entities pursuing any claims), or to ensure the fair and orderly administration of the Settlement; and

        c.      entering any other necessary or appropriate orders to protect and effectuate this Court's retention of continuing jurisdiction over the Settlement Agreement, the settling parties, and the Settlement Class Members.

18.     Without further order of the Court, the Parties, by and through their respective counsel of record, may agree to reasonable extensions of time to carry out any provisions of the Settlement Agreement and the instant Judgment.

19.     There is no just reason for delay in the entry of this Judgment and immediate entry by the Clerk of the Court is expressly directed.

IT IS SO ORDERED.

Date: 9/28/11

*Timothy S. Black*
JUDGE TIMOTHY S. BLACK