UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION (CINCINNATI)

| | | |
|---|---|---|
| IN RE DRY MAX PAMPERS LITIGATION | ) | No. 1:10-cv-00301-TSB |
| | ) | |
| | ) | The Honorable Timothy S. Black |
| | ) | |

**PLAINTIFFS' STATEMENT REGARDING DEFENDANTS' MOTION TO STRIKE
CLASS ALLEGATIONS, PLAINTIFFS' MOTION FOR APPROVAL OF NOTICE AND
NOTICE PLAN, AND PLAINTIFFS' MOTION FOR STAY**

For the following reasons, Plaintiffs inform the Court that they will no longer pursue this

case as a class action. Plaintiffs maintain that Dry Max Pampers were marketed as safe but in

fact caused harm to their children. Scientific investigation and government action, however, lead

Plaintiffs to conclude that this case is best pursued on an individual basis, rather than as a class

action. Given the procedural posture of the case, Sixth Circuit law encourages, and possibly

requires, that notice be made to the purported class members that the class claims will no longer

be pursued. Plaintiffs thus move the Court for approval of a proposed notice and notice plan. *See*

Declaration of Gretchen Freeman Cappio, filed concurrently herewith, at Exhibit 1 (proposed

notice) ("Cappio Decl."). Plaintiffs further move the Court to stay the case until 30 days after

notice is published, at which time Plaintiffs request that the Court strike the class allegations and

allow Plaintiffs to amend their Consolidated Class Action Complaint (Dkt. 25).

## I.    PROCEDURAL BACKGROUND

Plaintiffs filed their initial suits in May, June, and July 2010. At that time, Plaintiffs

sought to represent a class of

> All persons in the United States who purchased or acquired (including by gift)
> Pampers brand diapers or "Easy Ups" containing "Dry Max" technology ("Dry
> Max Pampers"), and who discarded or ceased using the Dry Max Pampers
> because of concerns about health effects including, but not limited to: severe
> rashes, blisters, welts, bleeding, oozing, chemical burns, infections, sores, scarring
> and/or other ailments linked to the Dry Max Pampers.

Dkt. 25 (Consolidated Class Action Complaint) at 105. This definition excludes consumers who

were satisfied with the diapers. Plaintiffs also sought to represent similar classes for several

individual states. *Id*. at 105-109.

As the Court knows, the parties reached a tentative settlement in 2011, which the Court

approved. Dkt. 73. An objector appealed the Court's approval order, the Sixth Circuit reversed,

and the case was remanded back to the Court. Dkt. 80.

Prior to reaching the tentative settlement, Procter and Gamble had filed a Motion to

Dismiss and a Motion to Strike Class Allegations. Dkt. 39 (Motion to Strike Class Allegations)

and Dkt. 40 (Motion to Dismiss). The Court stayed consideration of the motions while the parties

attempted to settle the matter. Dkt. 50 (granting request to stay deadlines while parties mediated

dispute). These motions are pending.

## II.    PLAINTIFFS HAVE CONCLUDED THAT THIS MATTER IS BETTER PURSUED AS AN INDIVIDUAL ACTION

Plaintiffs' ongoing evaluation of the case leads to the conclusion that this matter is better

pursued as a consolidated action on behalf of individual plaintiffs. *See, e.g.,* Sharon E. Jacobs,

M.D., et al., *Allergic Contact Dermatitis to Pampers Drymax*, Pediatric Dermatology 1-2 (2012)

Cappio Decl. Ex. 2 (regarding physicians' investigation of Dry Max Pampers showing

individualized reactions to Dry Max Pampers).

## III.   SIXTH CIRCUIT LAW FAVORS NOTICE PRIOR TO DISMISSING THE CLASS ALLEGATIONS

Federal Rule of Civil Procedure 23(e) provides that notice is required if a "certified class" settles or dismisses its claims. In *Doe v. Lexington-Fayette County Government*, 407 F.3d 755, 764 (6th Cir. 2005), the Sixth Circuit adopted "the view of the majority of the circuits that Rule 23(e) applies in a precertification context where putative class members are likely to be prejudiced." *See also Eastham v. Chesapeake Appalachia*, LLC, 2:12-CV-615, 2013 WL 3818549 (S.D. Ohio July 23, 2013) (examining sufficiency of notice in a dismissal of claims on behalf of a non-certified class).

The *Doe* test requires that the Court examine whether "putative class members are likely to be prejudiced on account of settlement or dismissal" and, if so, "the district court should provide Rule 23(e) notice." 407 F.3d at 762. Publicity is "one factor among others that a district court should take into account when considering whether putative class members are likely to be prejudiced by a settlement." *Id*. at 763.

This case has had significant publicity. Dkt. 68 at 45, n. 54 (detailing more than 200 media outlets that covered the parties' settlement). Plaintiffs therefore believe that notice to the class that the class claims will not be pursued is prudent, even if not required.

Plaintiffs believe that notice should be provided in the same or substantially similar manner to how notice of the proposed settlement was publicized, which included posting on Plaintiffs' counsels' website, on the Pampers website, and on the Pampers Facebook page. Dkt. 54 at 17-18 (detailing notice plan for settlement).

Exhibit 1 is the proposed notice. The notice clearly explains that the case will not be pursued as a class action and that individuals who are not already part of this action must take

action if they wish to pursue their claims against Procter & Gamble for the consumer claims that are the focus of this action.

## IV.   CONCLUSION

While Plaintiffs oppose much of the substance of the Motion to Strike Class Allegations, they do not oppose the relief sought in as much as it would remove the class allegations from the Consolidated Class Action Complaint. Thus, Plaintiffs request that the Court approve the attached proposed notice and order that notice be disseminated in a manner the same as, or substantially similar to, how notice of the proposed settlement was distributed. Plaintiffs also request that the Court stay the case until 30 days following the publication of notice, at which time Plaintiffs request that the Court order the class allegations stricken, and allow Plaintiffs to amend their Consolidated Complaint accordingly.

DATED this 15th day of November, 2013.

KELLER ROHRBACK L.L.P.

*/s/ Gretchen Freeman Cappio*
Lynn Lincoln Sarko, *Pro Hac Vice*
lsarko@kellerrohrback.com
Gretchen Freeman Cappio, *Pro Hac Vice*
gcappio@kellerrohrback.com
Harry Williams IV, *Pro Hac Vice*
hwilliams@kellerrohrback.com
KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101
Tel: (206) 623-1900 / Fax: (206) 623-3384
***Lead Class Counsel***

Gary D. Greenwald   0024480
KELLER ROHRBACK L.L.P.
3101 North Central Avenue, Suite 1400
Phoenix, AZ 85012
***Trial Attorney for Plaintiffs***

Michael D. Woerner, *Pro Hac Vice*
mwoerner@kellerrohrback.com
Gretchen S. Obrist, *Pro Hac Vice*
gobrist@kellerrohrback.com
KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101
Tel: (206) 623-1900 / Fax: (206) 623-3384

David S. Preminger, *Pro Hac Vice*
dpreminger@kellerrohrback.com
KELLER ROHRBACK L.L.P.
770 Broadway, 2nd Floor
New York, NY 10003
Tel: (646) 495-6198 / Fax: (646) 495-6197

Mark D. Samson, *Pro Hac Vice*
msamson@kellerrohrback.com
KELLER ROHRBACK P.L.C.
3101 North Central Avenue, Suite 1400
Phoenix, AZ  85012
Tel: (602) 248-0088 / Fax: (602) 248-2822

***Interim Lead Counsel for Plaintiffs***

**OTHER COUNSEL:**

Donald S. Varian, Jr.  0013027
varianlaw@aol.com
195 South Main Street, Suite 400
Akron, OH 44308
Tel: (330) 434-4100 / Fax: (330) 434-4110

Todd S. Collins
tcollins@bm.net
Neil F. Mara
nmara@bm.net
Elizabeth Fox
efox@bm.net
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA 19103-6365
Tel: (215) 875-3000 / Fax: (215) 875-4604

Joseph C. Kohn
jkohn@kohnswift.com
George S. Croner
gcroner@kohnswift.com
Craig W. Hillwig
chillwig@kohnswift.com
KOHN, SWIFT & GRAF, P.C.
One South Broad Street, Suite 2100
Philadelphia, PA  19107
Tel: (215) 238-1700 / Fax: (215) 238-1968

Gerard V. Mantese
gmantese@manteselaw.com
David Honigman
dhonigman@manteselaw.com
David Hansma
dhansma@manteselaw.com
MANTESE, HONIGMAN, ROSSMAN AND
WILLIAMSON, P.C.
1361 E. Big Beaver Road
Troy, MI  48083
Tel: (248) 457-9200 / Fax: (248) 457-9201

Thomas M. Mullaney
tmm@mullaw.org
LAW OFFICES OF THOMAS M. MULLANEY
275 Madison Avenue, 37th Floor
New York, NY  10016
Tel: (212) 223-0800 / Fax: (212) 661-9860

Daniel E. Gustafson
dgustafson@gustafsongluek.com
Karla M. Gluek
kgluek@gustafsongluek.com
Amanda M. Williams
awilliams@gustafsongluek.com
GUSTAFSON GLUEK PLLC
650 Northstar East
608 Second Avenue South
Minneapolis, MN  55402
Tel: (612) 333-8844 / Fax: (612) 339-6622

Richard J. Arsenault
rarsenault@nbalawfirm.com
Laura Singletary
lsingletary@nbalaw.com
Mary Nell Bennett
mnbennett@nbalaw.com
NEBLETT, BEARD & ARSENAULT
2220 Bonaventure Court
P.O. Box 1190
Alexandria, LA  71309-1190
Tel: (318) 487-9874 / Fax: (318) 561-2591

Nicholas J. Drakulich
njd@draklaw.com
THE DRAKULICH FIRM, A PROFESSIONAL
LAW CORPORATION
2727 Camino Del Rio South, Suite 322
San Diego, CA  92108
Tel: (858) 755-5887 / Fax: (858) 755-6456

Joseph F. Devereux, Jr.
jfdevereuxjr@devereusmurphy.com
Joseph F. Devereux, III
jfdiii@devereuxmurphy.com
DEVEREUX MURPHY LLC
The Plaza at Clayton
190 Carondelet, Suite 1100
St. Louis, MO  63105
Tel: (314) 721-1516 / Fax: (314) 721-4434

Dianne M. Nast
dnast@rodanast.com
RODANAST, P.C.
801 Estelle Drive
Lancaster, PA  17601
Tel: (717) 892-3000 / Fax: (717) 892-1200

David S. Corwin
dcorwin@shercorwin.com
Amanda Sher
asher@shercorwin.com
SHER CORWIN, LLC
190 Carondelet Plaza, Suite 1100
Clayton, MO  63105
Tel: (314) 721-5200 / Fax: (314) 721-5201

J. Gordon Rudd, Jr.
Gordon.rudd@zimmreed.com
Charles S. Zimmerman
Charles.zimmerman@zimmreed.com
Elizabeth A. Peterson
Elizabeth.peterson@zimmreed.com
Timothy J. Becker
Timothy.becker@zimmreed.com
ZIMMERMAN REED, P.L.L.P.
651 Nicollet Mall, Suite 501
Minneapolis, MN  55402
Tel: (612) 341-0400 / Fax: (612) 341-0844

Mila F. Bartos
mbartos@finkelsteinthompson.com
Karen J. Marcus
kmarcus@finkelsteinthompson.com
FINKELSTEIN THOMPSON LLP
1050 - 30th Street, NW
Washington,, D.C.  20007
Tel: (202) 337-8000 / Fax: (202) 337-8090

Peter H. Weinberger
pweinberger@spanglaw.com
Stuart E. Scott
sscott@spanglaw.com
SPANGENBERG SHIBLEY & LIBER LLP
1001 Lakeside Avenue East, Suite 1700
Cleveland, OH  44114
Tel: (216) 696-3232 / Fax: (216) 696-3924

Hassan A. Zavareei
hzavareei@tzlegal.com
Jonathan Tycko
jtycko@tzlegal.com
Jeffrey Kaliel
jkaliel@tzlegal.com
TYCKO & ZAVAREEI LLP
2000 L Street, NW, Suite 808
Washington, DC  20036
Tel: (202) 973-0900 / Fax: (202) 973-0950

J. Edward Bell, III
ebell@edbelllaw.com
J. Ryan Heiskell
rheiskell@edbelllaw.com
BELL LEGAL GROUP, LLC
232 King Street
Georgetown, SC 29442
Tel: (843) 546-2408 / Fax: (843) 546-9604

T. Ryan Langley
rlangley@hodgelawfirm.com
HODGE & LANGLEY LAW FIRM, P.C.
229 Magnolia St.
Spartanburg, SC 29306
Tel: (864) 585-3873 / Fax: (864) 585-6485


James E. Cecchi
JCecchi@carellabyrne.com
Lindsey H. Taylor
ltaylor@carellabyrne.com
CARELLA, BYRNE, BAIN, CECCHI, OLSTEIN,
BRODY & AGNELLO
5 Becker Farm Road
Roseland, NJ 07021
Tel: (973) 994-1700
Fax: (973) 994-1744

<u>CERTIFICATE OF SERVICE</u>

I, the undersigned, hereby certify that on November 15, 2013, I electronically filed the

foregoing with the Clerk of Court using the CM/ECF system, which will send notification of

such filing to all parties so registered.

I certify under penalty of perjury under the laws of the United States of America that the

foregoing is true and correct.

Dated:  November 15, 2013

*/s/ Gretchen Freeman Cappio*
Gretchen Freeman Cappio
